CLUTE v. JONES and others.

The defendants agreed to pay the plaintiff $1800 for her interest in the property and estate of C., her deceased father, and she was to take, in part payment therefor, a piece of land, at $60 per acre, which the defendants conveyed to her, and which they estimated to contain twenty-four acres, and which was to be measured "within ten days" from the date of the contract; and the defendants were to give their promissory note to the plaintiff, for "the balance" of the $1800, "whatever it might be," payable, &c.

*Held* 1. That the time within which the land was to be measured, was not a material part of the contract.

2. That the defendants were not estopped from claiming that the quantity of land which they had conveyed to the plaintiff, at $60 per acre, was twenty six ninety-seven one hundredths acres, instead of twenty-four acres, merely because they omitted to measure the same "within ten days" from the date of the contract.

3. That the fact that the land was described in the defendants' deed to the plaintiff by metes and bounds, and as "containing twenty-four acres be the same more or less," did not prevent the defendants from claiming an allowance for the excess beyond the twenty-four acres.

4. That the defendants, in an action upon the contract, were entitled to be allowed for the excess of the land, at $60 per acre, over and above the twenty-four acres.

APPEAL from a judgment of the Supreme Court. The defendants purchased of the plaintiff her interest in her father's estate for the sum of $1800. At the time of the purchase they deeded to her, as part payment of the $1800, a piece of land described in said deed as containing twenty-four acres of land, more or less, for the consideration of $1440. The deed is dated July 29, 1857. On the same day the defendants executed to the plaintiff a writing, of which the following is a copy:

"We, Horatio Jones, 3d, and Thomas J. Jones, have this day purchased of Harriet E. Clute all her claim to the property and estate of John H. Jones, of Leicester, late deceased, and agree to pay her therefor the sum of eighteen hundred dollars; and, as part payment, have conveyed to her a piece

of land calling it twenty-four acres, at $60 per acre, which we agree to measure and estimate at that price, for whatever it may hold out, as part pay of said $1800, to be measured within ten days; and we agree that we will give our promissory note for the balance, whatever it may be, due in one year from the first of October next, with use.

Leicester, July 29th, 1857.          HORATIO JONES, 3d,

[H. W.]                              THOMAS J. JONES."

After the money would have become due on the note, as stipulated by the above agreement, had one been given, and on the 10th day of November, 1858, this action was commenced. The action was brought upon the above instrument. The complaint alleged that the premises had not been measured, and that the defendants had not given their promissory note, but had neglected and refused to give the same, and that no part of the money due under and by virtue of the agreement had been paid. She claimed damages for the non-fulfillment of the contract, and for the balance of the $1800, after deducting $1440, or the value of twenty-four acres of land, at $60 per acre, and interest, being $360 and interest from July 29, 1857. The defendants, to reduce the claim, offered to show that the land deeded by them to the plaintiff contained more than twenty-four acres, after admitting that the same was not measured within the ten days, and that no note had ever been given or tendered. The plaintiff objected to the evidence. The court overruled the objection, and the plaintiff excepted. The defendants proved a measurement of the land the day before the trial, and they were allowed a deduction from the amount claimed by the plaintiff of the value of two and ninety-seven one hundredths of an acre of land, at $60 per acre. This action was tried by the court at the Livingston circuit November 28, 1859. The following are the findings of the court: 1st. That the defendants on the 29th day of July, 1857, made and executed an agreement in writing, as is set forth in the complaint, and delivered the same to the plaintiff.

2d. That the premises mentioned in said contract or agree-ment are bounded as follows. (Here follows description of boundary and concludes as follows:) And that the amount of land contained within said boundaries is twenty-six and ninety-seven one hundredths of an acre. 3d. That no meas-urement of said premises was had by either party since the commencement of this action, and no note was ever made or tendered by the defendants to the plaintiff therein. The conclusions of law were as follows: 1st. That the plaintiff was bound in this action by the conditions and stipulations contained in the agreement set forth in the complaint herein. 2d. That the defendants can not be held to have acquiesced in the measurement of said land at twenty-four acres. 3d. That the defendants are entitled to a deduction from the amount claimed by the complaint in this action of the value of two acres and ninety-seven one hundredths of an acre of land, at sixty dollars per acre, and the plaintiff is entitled to judgment for the residue of said claim, with interest after ten days from the date of said contract, being $210.96.

The plaintiff excepted severally to the conclusions of law and appealed from the judgment entered thereon to the gen-eral term of the Supreme Court. The general term reversed the judgment and granted a new trial, from which order of the general term the defendants appealed to this court.

*F. G. Wicker,* for the appellants.

*A. M. Bingham,* for the respondent.

BALCOM, J. No written opinion was delivered at the gen-eral term of the Supreme Court, when the judgment given in favor of the plaintiff, at the circuit, was reversed and the order made for a new trial, with costs to abide the event.

The judges at the general term must have been of the opinion that the contract of the 29th day of July, 1857, was not binding upon the plaintiff, because she did not sign it,

or that the defendants could not avail themselves of it, for the reason that they did not measure the land, mentioned in it, "within ten days" after the date thereof.

The plaintiff could not say that any part of the contract was not binding upon her, for her action was based upon it, and she could not recover without giving it in evidence.

The defendants were not estopped from claiming that the quantity of land which they had conveyed to the plaintiff at $60 per acre, was twenty-six acres and ninety-seven one hundredths of an acre, instead of twenty-four acres, simply because they omitted to measure the same "within ten days" from the date of the contract. For if there had been less than twenty-four acres of the land the plaintiff would not have been estopped from showing that fact and claiming $60 per acre for the deficiency.

The true interpretation of the contract, when read in the light of the surrounding circumstances, as it should be, is, the defendants agreed to pay the plaintiff $1800 for her interest in the property and estate of John H. Jones deceased, and she was to take in part payment thereof a piece of land at $60 per acre, that the defendants conveyed to her, which they estimated to contain twenty-four acres, and which was to be measured "within ten days," from the date of the contract; and the defendants were to give their promissory note to the plaintiff for "the balance" of the $1800, "whatever it might be," payable on the 1st of October, 1858. The time within which the land was to be measured was not so material a part of the contract as to make either party lose on the question of quantity, if not performed in respect to such time. If there had been but twenty acres of the land, the defendants could not have compelled the plaintiff to allow them more than $1200 therefor towards the $1800, on the ground that the land was not measured "within the ten days" specified in the contract. Hence the defendants were not estopped from claiming pay for the excess of the land over twenty-four acres.

The general rule is, that one party is not estopped unless the other is. In other words, an estoppel must be reciprocal and binding upon both parties. (*The Welland Canal Co.* v. *Hathaway,* 8 Wend. 480 ; *Green* v. *Russell,* 5 Hill, 183.)

The point that the defendants can not be allowed for more than twenty-four acres of land, because the land is described in their deed to the plaintiff by metes and bounds, and as "containing twenty-four acres be the same more or less," is untenable ; for the reason that the contract for the payment of the $1800, for the plaintiff's interest in the property and estate referred to, provides for ascertaining the number of acres of the land conveyed, and for an allowance therefor to the defendants, by the acre. The contract, therefor, is not controlled or rendered nugatory in any respect by the deed.

For these reasons I am of the opinion the judge at the circuit properly allowed the defendants for the excess of the land at $60 per acre over and above the twenty-four acres ; and that the order, made at the general term of the Supreme Court, granting a new trial, should be reversed, and the judgment given at the circuit affirmed with costs.

All the Judges concurring,

                               Judgment affirmed.