(57 App. Div. 351.)

HUN et al. v. BOURDON.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. SALE OF LAND—SPECIFIC PERFORMANCE—DEED—EXECUTION — DUE DILIGENCE—TIME—ESSENCE OF CONTRACT.

Plaintiff, on November 13th, sold defendant a lot, and agreed in writing to deliver a deed December 1st. Defendant's attorney finished examining the abstract November 28th, and approved the title, and on November 29th plaintiff's attorney prepared a deed, and mailed it to one of the grantors in New Jersey, but the grantor's absence from home necessitated forwarding it to New York, and it was finally executed and returned December 5th, and sent to Albany, to another grantor, who was absent in New York, and the deed was forwarded by special messenger, executed, and returned the same day, and offered to defendant on December 6th. Defendant moved into the property November 15th, and made no objection to the delay in executing the deed until December 4th, when he tendered payment and demanded a deed, and on the next day moved out of the property without objecting to the title. *Held*, that plaintiff was entitled to specific performance of the contract, since time was not the essence of the contract, and plaintiff had exercised due diligence in securing the execution of the deed.

2. SAME—OBJECTION TO TITLE—WAIVER.

Where the title to a lot purchased by defendant had been accepted by his attorney without any objection to the assignment to defendant of certain tax certificates against the property, and defendant refused to accept the deed solely because not executed in time, the objection that the tax certificates should have been canceled cannot be raised in an action by plaintiff for specific performance.

3. SAME—ORAL EVIDENCE—ADMISSION—HARMLESS ERROR.

Where defendant refused to accept a deed to property because not executed within the time specified in the contract, and plaintiff brought an action for specific performance, error in admitting testimony of plaintiff's attorney as to a verbal understanding that defendant's attorney should have a reasonable time to examine the abstract, and that time should not be considered of importance, was harmless where defendant's attorney finished the examination of the abstract within the designated time.

Appeal from special term, Albany county.

Action by Marcus T. Hun and another, as trustees under the will of Joshua Howard King, deceased, and Dudley P. Olcott and another, against William Bourdon. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

On November 13, 1899, a contract was executed by J. Howard King and the plaintiffs Dudley P. Olcott and Frederick P. Olcott individually and as executors of John J. Olcott, deceased, of the first part, and by the defendant, of the second part, whereby the parties of the first part agreed to convey to the defendant, free from liens and incumbrances, a piece of land situate in the city of Albany; for which the defendant agreed to pay $100 on the execution

of the contract, $1,900 on December 1, 1899, when a warranty deed of the premises was to be delivered, and on that day was to execute a bond and mortgage for $2,500, the remainder of the purchase money, payable in three years from the date of the contract, with interest. On November 28th, Mr. Silberman, the attorney representing the defendant, informed Mr. Hun, the attorney representing the plaintiffs, that he had completed his examination of the title, and immediately thereupon Mr. Hun prepared a deed, which he mailed on the 29th November to Mr. F. P. Olcott, one of the plaintiffs, at his residence in New Jersey. The 29th November was Thanksgiving Day, and on Friday, the 30th, Mr. Hun, learning that Mr. Olcott and wife were in New York, at once communicated with him with regard to the deed having been sent to New Jersey, and on December 4th learned that the deed had been executed by Mr. Olcott and wife. The deed was received by Hun from Olcott on December 5th, and Mr. Hun then sent it to the plaintiff Dudley Olcott, who resided in Albany, to be executed, and, learning that he was in New York, immediately sent it by special messenger from Albany, and Dudley Olcott executed it on that day, the 5th, and it was on the same day returned to Mr. Hun, who, on the next morning, December 6th, met the defendant at Mr. Silberman's office, submitted to Mr. Silberman the deed with the chamberlain's certificates of sale and assignments of same to defendant. Silberman examined the papers, referred Hun to defendant for an answer, and defendant said that it was too late; that he had moved; and he refused to accept the deed, or to pay the money and execute the bond and mortgage. No objection was made to the papers not being sufficient to convey a good title. On the day when the deed was to be delivered,—December 1st,—Silberman and defendant called at Hun's office, asked him whether he was ready to close the transaction, and Mr. Hun said that he had sent the deed to New York to Mr. Olcott, and it had not been returned yet, and suggested that they come back the next day. The defendant went there the next day, and the papers had not yet been received. The 3d of December was Sunday, and on Monday, December 4th, the defendant, with his attorney, called upon Mr. Hun, who informed defendant that he had not yet received the deed from New York. Defendant said that he wanted the matter closed up that day, otherwise he would withdraw, and made a tender of the $1,900, and demanded the deed. He also had with him a bond and mortgage unexecuted, and no offer was made to execute them. On December 4th, after the interview at Mr. Hun's office, Mr. Hun, on learning from Mr. F. T. Olcott in New York that the deed had been executed by himself and wife, sent a letter to Mr. Silberman, the defendant's attorney, which was received, stating that the deed would be ready the next day, on the 5th, to which no answer was returned. The defendant, with his family, on the 15th of November, went into possession of the premises, and on the night of the 5th of December, after the receipt of the notice by his attorney that the deed would be ready for delivery on the 5th, moved out of the house with his family. At the time of the tender of the deed to the defendant on December 6th there were also tendered to him certificates of sale by the chamberlain of Albany of lots 94 and 108, of October 19, 1898, to E. W. Rankin, the indorsement of Rankin thereon in blank, and the transfer by J. Howard King, dated November 30, 1899, acknowledged December 6, 1899, transferring the interest of King in the certificates to the defendant; also certificate by the chamberlain, dated December 6, 1899, stating that a certificate of sale of October 19, 1898, to Rankin, for lot 74, for an assessment for a sewer, had been surrendered for cancellation, and the sale was canceled on the books of the chamberlain's office, to which papers no objection was made by the defendant or by his attorney.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Louis Silberman (J. Newton Fiero, of counsel), for appellant.
Hun & Johnston (Marcus T. Hun, of counsel), for respondents.

EDWARDS, J. In an action to compel the specific performance of a contract for the sale of real estate time is not of the essence of

the contract, unless in the agreement it is clearly and expressly stipulated that it shall be so. The mere insertion in the contract of a day for its completion does not make such time the essence of the contract, and it will not be implied as essential, except where the subject of the sale has a fluctuating value, or where the object of the contract is a commercial enterprise, or the delay in completion would involve one of the parties in a serious loss. When time is not by stipulation or by implication of the essence of the contract, a court of equity will disregard it, and decree specific performance when an action at law has been lost by default of the party seeking performance, if it be conscientious that the agreement be performed. The fact that the party may not have an action at law is a reason for a decree for specific performance. Fry, Spec. Perf. §§ 709, 710, 712–719; Will. Eq. Jur. (Potter's Ed.) pp. 292–294; Hubbell v. Von Schoening, 49 N. Y. 330; Day v. Hunt, 112 N. Y. 195, 19 N. E. 414; Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. In this case time was not of the essence of the contract (Day v. Hunt, 112 N. Y. 194, 19 N. E. 414; Schmidt v. Reed, 132 N. Y. 109, 30 N. E. 373; Higgins v. Eagleton, 155. N. Y. 466, 50 N. E. 287), and under the circumstances of the case a decree for specific performance was properly granted.

The vendors fully complied with the rule requiring diligence, and have reasonably excused their failure to tender performance on the day named in the contract. Immediately on ascertaining from the defendant's counsel on November 28th that his examination of the title had been completed, the attorney for the vendors prepared the deed, and sent it to his clients for execution, and ordinarily would have had it ready in time for delivery. Circumstances which could not have been anticipated caused a brief and unavoidable delay in its execution, and the attorney used more than ordinary diligence to have it executed in time. There was never at any time any intention manifested on the part of the vendors to abandon the contract, but, on the contrary, a desire was shown for its performance. Nor did the defendant at any of the interviews on and after December 1st, when informed of the cause of the delay, raise any objection, but, on the contrary, acquiesced therein until December 4th, when, without any warning, he summarily demanded the delivery of the deed to him, and announced his intention to "withdraw." The attorney for the vendors at that time notified him that the deed had not yet been returned to him, but that he was at every moment expecting it; and on the same day, after hearing from one of the vendors in New York that the deed had there been executed by himself and wife, the attorney for the vendors immediately wrote a letter to the defendant's attorney apprising him of the fact, and that he expected the deed would be ready for delivery on the 5th. The defendant was then in possession of the premises under the contract, and had been since the 15th of November, and had no apparent reason, under the circumstances, to object to the brief delay. Notwithstanding the defendant was well aware of the desire and of the diligence being used by the vendors to perform the contract, and that the attorney expected to have the execution of the deed completed on the 5th, for some reason, not consonant with good faith, he moved out of the house on that night,

and on the following morning refused to accept the deed upon the ground that it was too late. To permit him thus to avoid his contract would be against all principles of equity. The defendant concedes that he acquiesced in the plaintiffs' delay until December 4th, when he summarily demanded the performance of the contract. He could not thus relieve himself from his obligations under the agreement. It was competent for him then to fix a time within which he would insist upon the delivery of the deed, or the abandonment of the contract; but the time specified by a notice of such intention must be a reasonable time,—a sufficient time to enable the vendor, with diligence, to perform. Fry, Spec. Perf. §§ 722, 724, 728; Hubbell v. Von Schoening, supra; Schmidt v. Reed, supra. Until December 4th the defendant had, by his words and conduct, waived a strict compliance with the contract, and within two days after he first manifested an intention to insist upon an immediate tender of the deed it was tendered to him, and was refused.

The objection now made to the certificates of sale and the transfers of the same tendered to the defendant is without merit. First, they were a substantial compliance with the agreement to convey free from liens and incumbrances; second, they were submitted to the defendant's attorney in charge of the examination of the title, and no objection was made to them at the time of the tender, nor to the title in any respect. Had the defendant required the sales to be canceled, instead of a transfer of the certificates, it could readily, and no doubt would, have been accomplished by the vendors. The defendant having made no objection to these certificates, but having refused to perform solely on the ground that it was too late, the objection now made comes too late. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287.

It may be doubted whether the court did not err in admitting, under the objection of the defendant, the testimony of Mr. Hun to the effect that he told Mr. Silberman, before the execution of the contract, that it would be delivered with the understanding that, if he (Silberman) was not prepared to close the title, time should not be considered of importance, and he should have reasonable time within which to make an examination of the title beyond the 1st day of December. But, if this were error, I think it was harmless. It was simply a promise to give the defendant's attorney further time to examine the title if he required it, and it was undisputed that it was not required by him in this case, and the examination of the title was completed by him before the 1st of December. This testimony does not seem to have been at all material, and its admission is not a ground for reversal. With this eliminated from the case, the undisputed facts are quite sufficient to support the judgment. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.