SAMUEL STRASBOURGER, Appellant, *v.* HESU REALTY CO., INC., Respondent.

First Department, December 2, 1921.

**Vendor and purchaser — action for specific performance of contract for sale of real property — mere filing of lis pendens not in itself valid objection for refusing to take title — purchaser obliged to take title where complaint in action in which lis pendens is filed fails to disclose cause of action — when equity does not regard time as of essence of contract — no valid reason shown for rejecting title.**

The mere filing of a *lis pendens* is in itself not a valid objection for refusing to take title; one must look beyond its mere filing to ascertain whether or not it constitutes a proper objection.

Where the complaint in the action in which a *lis pendens* is filed does not disclose a cause of action, a purchaser is obliged to take title upon the ground that as matter of law no valid reason exists for refusing to take.

In contracts for the sale of real property courts of equity will not regard the time fixed for closing as of the essence unless it is so specifically provided for in the contract, and where the situation of the parties and the property remains unchanged up to the time of the trial, relief will not necessarily be defeated by delay in performance.

Accordingly, in an action for the specific performance of a contract for the sale of real property, there was no valid reason to reject title where the grounds upon which a former purchaser had rejected title to the same property had been cleared up on the day set for closing title with the defendant, leaving nothing but the question of a worthless *lis pendens* filed in an action by the former purchaser against this plaintiff which in itself constituted no valid reason for rejecting the title, and where it appeared that there was no change shown in the financial position of this

defendant or in the value or condition of the property during the interim between the date of the rejection of the title and the commencement of this action and where the action was brought on for trial with celerity on the part of the plaintiff.

DOWLING, J., dissents.

.APPEAL by the plaintiff, Samuel Strasbourger, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 16th day of April, 1921, upon the decision of the court rendered after a trial at the Bronx Special Term.

*Max L. Schallek* of counsel [*Strasbourger & Schallek*, attorneys], for the appellant.

*Valentine Taylor* of counsel [*Morris I. Price* with him on the brief; *Price Brothers*, attorneys], for the respondent.

GREENBAUM, J.:

The action is brought in equity for specific performance. It appears that the parties entered into a written contract on the 16th day of September, 1920, pursuant to which plaintiff agreed to sell to the defendant and the latter to purchase from the plaintiff certain pieces of improved real property on Union avenue, borough of The Bronx, for the sum of $225,000. Defendant paid $4,000 upon the execution of the contract and agreed to pay thereunder $26,000 upon closing of title on November 1, 1920, the balance of the purchase price to be made up of existing mortgages and purchase-money mortgages to be executed by the defendant. After the making of the contract and on September 27, 1920, an action was brought by the Union Chemical Glassware Company against the plaintiff for specific performance of a contract entered into on January 28, 1920, to sell the identical property here under review. That action was brought on for trial on November 1, 1920, a little over a month after it had been begun and upon the trial the complaint was dismissed on the merits on November 8, 1920. The judgment of dismissal inadvertently provided for the cancellation of the *lis pendens* filed in that action and the plaintiff caused the *lis pendens* to be canceled of record in accordance with the judgment. Meanwhile the parties to this action had agreed on November 1,

1920, to adjourn the closing of title to November 8, 1920, which was the same day upon which the *lis pendens* was canceled. The defendant, however, refused to take title, claiming that the Union Chemical *lis pendens* was still in force under section 1674 of the Code of Civil Procedure notwithstanding a certificate of cancellation was exhibited at the time fixed for the closing. On November 9, 1920, plaintiff brought this action in equity for specific performance and the defendant in its answer counterclaimed for the return of its deposit and prayed that it have an equitable lien imposed on the premises for the amount thereof. On January 26, 1921, about two and one-half months after the rejection of the title, this cause was reached for trial. On December 8, 1920, the Union Chemical Glassware Company filed a notice of appeal from the judgment which had been entered dismissing its complaint. But not having filed or served a case on appeal a motion was made by plaintiff (defendant in that action) which resulted in an order withdrawing the appeal and canceling the *lis pendens* which had been filed in that action and which had previously been restored upon motion to rectify the mistake in canceling it.

The record of trial of this action discloses that the alleged grounds upon which the Union Chemical Glassware Company, Inc., rejected title were (1) that there were then open and unsatisfied of record five second mortgages then outstanding liens on the premises; (2) that there was an outstanding lease on the premises, the term of which would expire May 1, 1921, subject to a cancellation clause on twenty days' notice in case of sale; (3) that there were open and unpaid water rates for 1920 of $155 for each of the parcels of land described in the contract, and (4) that there were several violations of the tenement house department of the borough of The Bronx, of record uncomplied with.

It has repeatedly been held that the mere filing of a *lis pendens* is in itself not a valid objection for refusing to take title and that one must look beyond its mere filing to ascertain whether or not it constitutes a proper objection. (*Simon v. Vanderveer,* 155 N. Y. 377; *Hayes v. Nourse,* 114 id. 595; *Aldrich v. Bailey,* 132 id. 85; *Alpern v. Farrell,* 133 App. Div. 278; *Grace v. Bowden,* 10 id. 541.) It has been held

in some of the cases just cited that where the complaint in the action in which a *lis pendens* is filed does not disclose a cause of action, a purchaser would be obliged to take title upon the ground that as matter of law no valid reason existed for refusing to take.

On November 8, 1920, the day fixed for taking title, the judgment in the Union Chemical case had been entered dismissing the complaint of the plaintiff in that action upon the merits and it appears from the uncontradicted affidavits upon this appeal that the plaintiff at the time of the trial of that action produced in court five satisfactions of the mortgages claimed to be outstanding liens; that plaintiff had acquired a release or surrender of the outstanding lease and had paid the water rates for 1920 and that plaintiff had offered to permit the purchasers to hold back an amount sufficient to cover the municipal ordinance violations.

When the defendant in this action rejected title upon the sole ground that there was a *lis pendens* against the property it knew or could have ascertained that all the apparent grounds of objections raised in the Chemical case had then been fully removed and, therefore, there was no valid reason to reject title.

But there is another reason why the defendant should have been compelled specifically to perform its contract. It is well settled that in contracts for sale of real property courts of equity will not regard the time fixed for closing as of the essence unless it is so specifically provided for in the contract. (*Schmidt* v. *Reed,* 132 N. Y. 108.) And where the situation of the parties and the property remains unchanged up to the time of the trial, relief will not necessarily be defeated by delay in performance. (*Pakas* v. *Clarke,* 136 App. Div. 493; affd., 203 N. Y. 534; *Jenkins* v. *Fahey,* 73 id. 355; *Begen* v. *Pettus,* 223 id. 662.)

The learned court at Special Term, however, held that there was such a change of circumstances as to justify a court of equity in denying plaintiff the relief of specific performance. One circumstance was stated to be that the defendant corporation was a realty operator which bought for resale, not for investment, and that the nature of its business was such that it would frequently not wait to take title but sell its

contracts. Another circumstance was that the defendant had arranged for financial assistance to enable it to take title on November first and that this money was available to it on November eighth, the day to which closing of title had been adjourned but that it was not available at the time of the trial of the present action.

It seems to us that the grounds upon which the learned court refused to grant the decree in this action were ill founded. There is nothing in the contract between the parties which suggests the reasons why the defendant had contracted for the purchase of the property, and there is not the slightest evidence in the case on appeal that the defendant lost any opportunity to sell.

As to the circumstance that the financial position of the defendant was changed, there is no evidence in the case before us in substantiation of that contention. On the contrary, the president of the defendant corporation admitted that he had made no effort after November eighth to raise the money necessary on the closing for the reason as he stated that the title to the property was not a good one. The only other evidence touching upon this point is that the persons who were ready to loan defendant money on mortgage on November eighth were not prepared to make such loans at the time when the trial of this action took place. There is not the slightest evidence that the defendant's financial situation had been impaired since November 8, 1920.

We are of opinion that the circumstances, even if they had been established, were not of such a nature as would justify a refusal to grant specific performance. There was no change whatever shown in the value or the condition of the property in question during the two and one-half months' delay and the action was brought on for trial with commendable celerity on the part of the plaintiff.

In addition to the fact that the grounds upon which the Union Chemical Glassware Company rejected the title were non-existent on November eighth, the adjourned day for closing, there had been an adjudication that the liens upon which the company had relied in refusing to take title had been cleared up by November eighth, leaving nothing but the question of a worthless *lis pendens* which in itself, even

if apparently in force, constituted no valid reason for rejecting the title.

In our opinion the judgment dismissing the complaint and the findings of fact as to the alleged changed circumstances, as well as the judgment upon the counterclaim, should be reversed, with costs, and the counterclaim dismissed, and judgment directed for plaintiff for specific performance, with costs.

CLARKE, P. J., PAGE and MERRELL, JJ., concur; DOWLING, J., dissents.

Judgment reversed, with costs, counterclaim dismissed, and judgment directed for plaintiff for specific performance, with costs.   Settle order on notice.