EARL H. SPERO, Respondent, *v.* ALBERT J. KOBLER, Appellant.*

Supreme Court, Appellate Term, First Department, April 11, 1935.

*Weil, Gotshal & Manges* [*Horace S. Manges* and *Gabriel Kaslow* of counsel], for the appellant.

*Morris Grossman,* for the respondent.

LYDON, J.   The action is to recover brokerage claimed to have been earned upon a sale of defendant's real property.   The special

* Leave to appeal to Appellate Division granted by that court May 17, 1935.

contract between the parties provided that that part of the brokerage here sued for should be paid " if, as and when title is taken by the purchaser." Title was not taken by the purchaser. At the time appointed for the closing it was discovered that a *lis pendens* had been filed against the property a few days before. The closing was adjourned for three days. On the adjourned day the *lis pendens* had not been removed. The purchaser objected to taking title on that ground. Defendant consented to the abrogation of the contract of sale, refunded the down payment to the purchaser and reimbursed him for expenses incurred in examination of the title. He claims that under his agreement with plaintiff he is not liable for the brokerage sued for.

Defendant concedes that if he had been unable to tender a good title he would not have been relieved of his obligation to his broker. But he points out that the mere filing of a *lis pendens* against his property did not make his title unmarketable (*Simon* v. *Vanderveer*, 155 N. Y. 377), and shows that the complaint, on which the *lis pendens* was founded, was shortly afterwards dismissed for insufficiency. Hence, he insists, the purchaser had no right to reject the title.

In all this defendant is doubtless right. But it follows that defendant ought to have tendered his deed of conveyance and demanded performance. Instead of doing this he acquiesced in the objection of the purchaser. This he could not properly do without making himself liable to the broker. He had the right to be as lenient, or as generous, with the purchaser as he chose, but only at his own expense.

It is quite true that if defendant had tendered his deed and stood on his rights, and the purchaser had still refused to perform, defendant would not have been required to sue the purchaser in order to escape liability to the broker. (*Amies* v. *Wesnofske*, 255 N. Y. 156.) But when he recognized a concededly improper objection as good and consented to the repudiation by the purchaser of his contract, he failed in his duty to the broker. It was not a case of merely passive submission to a breach of contract by the purchaser. It was a release of the purchaser from his obligation by an affirmative act. The vendor is, therefore, liable to the broker to the same extent as if the failure to pass title had been due to a default in performance on his part.

The judgment should be affirmed, with costs.

HAMMER, J., concurs; FRANKENTHALER, J., dissents.

FRANKENTHALER, J. (dissenting). The contract for payment of broker's commissions is expressed in plaintiff's letter as follows:
" I am the only broker in the transaction. * * *

" I am to receive $2,000 as full payment for commission in the transaction; $500 to be paid on the signing of the contract and the balance, if, as and when title is taken by the purchaser."

On the signing of the contract plaintiff received $500 as stipulated in the letter. When the parties met to close title February 2, 1931, the representative of the title company for the first time reported that within a few days a verified complaint and *lis pendens* had been filed in an action against the defendant. The purchaser thereupon refusing to take title, the closing was adjourned to February fifth, time being made of the essence, and on the adjourned date the purchaser persisting in his refusal because the *lis pendens* was still on file, defendant acquiesced in the rescission of the contract of purchase and thereafter returned to the purchaser his $2,500 deposit and paid the title company charges and attorney's fees.

The event upon which plaintiff was to receive the balance of the commissions — closing of title — not having occurred, defendant was not obligated to make further payment unless it can be held that performance was prevented or hindered by the fault of the defendant. (*Amies* v. *Wesnofske*, 255 N. Y. 156.)

The mere filing of a *lis pendens* is not ground for refusal to take title; one must look further to ascertain whether a proper objection is presented. (*Strasbourger* v. *Hesu Realty Co., Inc.*, 198 App. Div. 805, 807.) Indeed the Supreme Court subsequently decided that the complaint upon which the *lis pendens* was filed against this defendant's property did not state a cause of action, and it was dismissed accordingly.

While my associates admit that the rejection of title was unjustified, affirmance of the judgment is based upon the theory that because plaintiff did not insist upon his rights and tender a deed, instead of returning the deposit and paying the purchaser's expenses, he thus made it impossible for plaintiff to earn his commissions, and, therefore, is obligated to make the payment sued for. Though there was no technical tender of a deed, the deed was executed and ready for delivery upon the date originally fixed for the closing of title, but, as the attorney for the purchaser testified, " in view of the fact that there was a *lis pendens* there we did not close title." Actual tender of the deed was thus waived, and I find nothing in the record which sustains the assertion in the prevailing opinion that the defendant conceded that the vendees' improper objection was good, or which indicates that the vendees' repudiation of the contract was due to any fault on the part of defendant.

Defendant was not required to insist upon his rights and tender a deed as a basis for specific performance or other remedy which he

might seek against the purchaser, for the seller made no contract with the plaintiff to procure performance of the contract of sale.

In the *Amies Case (supra)*, upon the vendees defaulting in performance of their contract to purchase, the parties agreed to a rescission of the contract, and by the terms of the new agreement the deposit of $10,000 paid by the vendees was retained by the vendors as liquidated damages and the vendees released from their obligations, and it was held by our highest court that the brokers, whose commissions were payable on the closing of title, were not entitled to recover, the vendors not having prevented or hindered the sale. Under the new agreement in the present case, the defendant, apparently for the purpose of avoiding litigation, acceded to defendant's demands for repayment of the deposit and reimbursement for expenses, and it does not follow that because he was over generous to a repudiating purchaser he should be mulcted for the broker's unearned commissions.

The judgment should be reversed, with costs, and judgment directed for defendant, with costs.

Present, LYDON, HAMMER and FRANKENTHALER, JJ.