Samuel W. Eager, J.
This is an action by the assignee of a vendee for specific performance of a contract for sale of real property. The contract was dated December 20, 1956, and the action was instituted on April 20, 1957. The complaint alleges due performance of conditions precedent on the part of the vendee and of plaintiff, and plaintiff’s readiness, willingness and ability to perform, and refusal by defendants to perform. The answer denies these allegations.
The defendants now move “ for an order pursuant to Rule 113 of the Rules of Civil Practice either directing the plaintiff to take judgment according to the relief demanded in the complaint or dismissing the complaint upon the ground that there is no preliminary triable issue of fact ”. Such motion is to be denied.
It appears that there were negotiations between the parties after the institution of the action looking toward the carrying out of the contract, and that now, after the lapse of several months, the defendants are willing to perform. The plaintiff, however, claims that, owing to change in circumstances and delay on the part of defendants in performance, he has sustained substantial damages, and cross-moves to amend his complaint to set up an additional cause of action consisting of one for damages based upon the alleged refusal of defendants to perform at the time agreed upon. The plaintiff specifically avers that defendants have had possession of the property and received the rents therefrom for one and a half years after the time set for conveyance, and that in the meantime the property has been permitted to become in a state of disrepair and substantially depreciated in value. The plaintiff, therefore, takes the position that he is willing to accept conveyance of the property but claims he should be credited with the damages he has sustained by reason of the delay in performance.
The defendants, by this motion allegedly pursuant to rule 113 of the Rules of Civil Practice, do not seek judgment dismissing the complaint upon the ground that plaintiff does not have a cause of action. Rather, admitting that plaintiff is entitled to judgment of specific performance against them upon the cause *666 of action pleaded, the defendants seek an order requiring that plaintiff, at this time, take such judgment, or, in the alternative, directing that the complaint be dismissed. Thus, the defendants seek to use rule 113 to put plaintiff to an election to forthwith take judgment or have his complaint dismissed. Such is not a proper use of rule 113. Where a plaintiff does not desire to take judgment against a defendant in accordance with his complaint, there is no authority for a motion pursuant to such rule to compel him to take and enter such judgment.
A defendant, on summary judgment application in an action for specific performance may, of course, affirmatively ask for and obtain a decree of specific performance if his answer sets forth a counterclaim for and prays for such relief. But, any affirmative relief to be awarded to a party on a motion for summary judgment must be in substantial conformity with his pleadings. A defendant may not on such a motion obtain equitable relief which is not in accordance with the allegations of and relief demanded by his answer. Here, the defendants’ answer contains no counterclaim, and they may not have affirmative relief by way of specific performance.
The cross motion for leave to serve an amended complaint will be granted. Clearly, a vendee, in an action for specific performance of a real estate contract may, as an incident to the principal relief, recover such damages as have been sustained by him as a result of vendor’s unreasonable and unwarranted delay in performing. (See 81 C. J. S., Specific Performance, § 162; Friedman v. Platzik, 57 N. Y. S. 2d 215.) To effectuate a prompt disposition of this action, the parties here may agree that a decree of specific performance be entered, with the question of damages, if any, to be referred to the court or an Official Referee. (See Friedman v. Platzik, supra.)
Settle order on notice.