William Lymah, J.
This is an action for specific performance whereby plaintiff seeks to compel defendant to convey to him certain real property, pursuant to the terms of a written contract.
The record establishes that on or about February 24, 1961 plaintiff’s assignor and defendant entered into an agreement for the purchase and sale of the premises known as 791 Madison Avenue, Borough of Manhattan, City of New York. This agreement provided for the closing of title on August 31, 1961 approximately six months later.
On the designated closing 11 law day ”, a Thursday preceding the Labor Day holiday week end, plaintiff, at the scheduled time and place fixed for the title transfer, requested defendant to grant him an adjournment thereof until September 5, 1961. It was plaintiff’s contention that he required the additional business day to complete his mortgage arrangements for the pending purchase. Upon defendant’s refusal to adjourn the closing of title and his retention of plaintiff’s $25,000 deposit, the instant action was instituted.
It is defendant’s position here that time was of the essence regarding the contract involved. He claims that plaintiff failed *491 to tender performance, as required by the provisions of their agreement, due to his lack of diligence and good faith in preparing for the closing on the law day.
Contrary to defendant’s contention, however, nothing in the record warrants the conclusion that the contract made time of the essence. The written instrument itself does not contain any provision which can reasonably be construed as making the closing date a critical factor in the negotiations between the contracting parties. On the contrary, it is significant that paragraph “ 5 ” thereof specifically gives to defendant the right to request “an adjournment and/or adjournments ” for certain purposes. This clearly indicates that the set date of closing was not regarded by defendant to be either urgent or vital. Defendant’s own admission shows that he only desired a closing date at least six months after his acquisition of title, in order to achieve a capital gain tax benefit. Other than the passing of this six months’ period, no specific time element appears to have been within the contemplation of the contracting parties.
Defendant relies upon a letter from his counsel to plaintiff, dated August 23,1961 as notice to this purchaser that the closing law day was “ of the essence ” of the contract. This argument is without merit. In my opinion, neither the text nor the timing of such letter is sufficient to change plaintiff’s legal and equitable rights under the terms of the written instrument. Counsel’s letter to plaintiff obviously lacks mutuality in form and substance and cannot be deemed unilaterally to have removed the contract involved from the well-established rule that where an agreement, by its terms, does not make time of the essence, a court of equity may decree specific performance at such time as it deems to be reasonable under the circumstances. This rule is particularly applicable here, inasmuch as the record shows a complete absence of any possible adverse change in defendant’s position by reason of the requested delay (see Lese v. Lamprecht, 196 N. Y. 32, 38; Strasbourger v. Hesu Realty Co., 198 App. Div. 805, 808; 4 Pomeroy’s Equity Jurisprudence [5th ed.], § 1408, p. 1054).
It is fundamental that time is never of the essence of a contract for the sale of real property unless (1) the contract specifically so provides or (2) special circumstances surrounding its execution so require (Ballen v. Potter, 251 N. Y. 224, 228; Saperstein v. Mechanics & Farmers Sav. Bank, 228 N. Y. 257, 261; Clute v. Jones, 28 N. Y. 280; Hun v. Bourdon, 57 App. Div. 351; Pomeroy’s Equity Jurisprudence, supra). Neither of these factors exists in the case at bar.
*492 The mere insertion in the written contract of a day set for its completion did not, ipso facto, make such fixed time a vital subject of the contract (Hun v. Bourdon, supra). Likewise, neither defendant’s counsel’s letter of reminder nor defendant’s purported “ oral advice ” to plaintiff served to create this new “ essential ” contractual element.
Moreover, assuming, arguendo, that the legal effect of these alleged “notices” to plaintiff made time of the essence, as urged by defendant, it then would appear that his unilateral innovation contravenes paragraph “ 19 ” of the written agreement, which requires any change or modification thereof to be “ in writing and signed by the party against whom enforcement * * * is sought ”.
It is to be noted that the letter relied upon by defendant was sent to plaintiff approximately one week before the terminal date of a six months’ contract period. There is no proof which establishes that any adverse change occurred in the property or the position of the parties during such period nor, as above stated, is there any evidence to show that such change would result by the delay of one additional business day, as requested by plaintiff. As a matter of fact, the record indicates, as plaintiff suggests, that defendant apparently shared his belief that the closing set for August 31, 1961 was mutually waived, inasmuch as defendant admits that he did not send the deed to the property to his counsel’s office until September 5 or 7,1961.
In the opinion of the court, in view of all the surrounding circumstances in this transaction, it would be unjust, unreasonable and inequitable to permit the denial of so short a postponement of the closing law day to foreclose and permanently forfeit plaintiff’s rights under the contract of sale. Either party to this contract was entitled to a reasonable adjournment thereof without necessarily concluding that the passing of the law day was an incurable contractual default (Lese v. Lamprecht, 196 N. Y. 32, supra; Bailen v. Potter, 251 N. Y. 224, 229, supra; Wilco Constr. Corp. v. Prywess, 29 Misc 2d 81). Defendant’s unreasonable refusal to grant an adjournment over a holiday week end cannot, in a court of equity, serve to defeat plaintiff’s contractual rights or the loss of a substantial deposit for the contemplated purchase.
The credible testimony and documentary evidence fail to support defendant’s claim that plaintiff lacked good faith and did not diligently prepare for the closing on the law day. The record shows that throughout the intervening six months, plaintiff was actively engaged in the planning, development and mortgage financing of the premises involved. He obtained a costly *493 title examination and exerted all reasonable efforts to be ready on the law day.
Contrary to defendant’s assertion, plaintiff’s readiness, willingness and offer to perform on September 5, 1961 virtually the next business day following the set law day, attest to his good faith and diligence. The prompt institution of this action for specific performance on September 8, 1961 is additional proof of his true desire to consummate the performance of the provisions of the contract. In my opinion, all of these factors establish defendant’s refusal to adjourn for one business day to be willful, arbitrary and capricious conduct. Defendant’s denial of this reasonable request was clearly contrary to real estate custom, usage and practice. This, to me, is indicative of defendant’s, rather than plaintiff’s, desire to avoid his contractual obligations (Cohen v. Santora, 148 N. Y. S. 2d 31, 33).
Under the foregoing circumstances, a tender of moneys by plaintiff, as defendant now claims was required, was unnecessary and would have been a useless and futile formality (Wilco Constr. Corp. v. Prywess, supra; Cochran v. Taylor, 273 N. Y. 172, 183; Brakarsh v. Brown, 162 Misc. 412).
Although the answer in this action does not set forth any such affirmative defense, defendant’s posttrial brief is replete with accusations against plaintiff of fraud, deceit and bribery of a real estate broker. Such charges against plaintiff, a member of the Bar, are not supported by the credible evidence adduced upon the trial. They are, for the most part, based on defendant’s suspicion, surmise and conjecture. In any event, it is highly improper and unfair to make accusations of this nature in a brief without previously having set them forth in the pleadings.
Upon the evidence before me, therefore, I find that plaintiff is entitled to specific performance of the contract of sale dated February 24,1961 as prayed for in his complaint.
I further find that the record clearly establishes defendant’s refusal to grant plaintiff the brief adjournment and his failure to convey title to plaintiff at any time subsequent to August 31, 1961 to be motivated by bad faith and defendant’s belated impression that he had made a ‘ ‘ bad deal ’ ’. In view of such deliberate and inequitable conduct on the part of defendant, I hold that plaintiff is entitled to recover damages resulting therefrom in addition to specific performance.
To effectuate a prompt disposition of this action, however, insofar as the conveyance of title is concerned, the decree to be submitted herein shall provide for the closing of title in accordance with the terms of the written contract within 20 days after *494 the service on defendant or his counsel of a copy of such decree, together with notice of entry thereof.
Such decree shall also provide that the question of damages, if any, be referred to a Referee, whose appointment shall be made upon application at Special Term (see Cattaneo v. Lynch, 14 Misc 2d 664; Friedman v. Platzik, 57 N. Y. S. 2d 215). No costs are awarded.