■ KENNETH COOPERSTEIN et al., Respondents-Appellants, v PATRICIAN ESTATES et al., Appellants-Respondents, et al., Defendant.—In an action, *inter alia,* for specific performance of a contract for the construction and sale of a house, and to recover damages for breach thereof, the defendants Patrician Estates, Inc. and David O'Shea appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Scileppi, R.), entered September 5, 1984, which, after a nonjury trial, *inter alia,* directed them to specifically perform that part of the contract pertaining to the conveyance of the subject property, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same judgment as dismissed their claim for damages based on the increase in the rate of interest in connection with obtaining a mortgage loan and as failed to abate the contract price for the mislocation of the dwelling.

Judgment modified, on the facts, (1) by deleting from the eleventh finding of fact thereof the figure "$27,525.00" following the words "for the loss of use and enjoyment of the property, the sum of" and substituting therefor the figure "$28,525", (2) by deleting from the eleventh finding of fact thereof the figure "$142,460.00" following the words "specific items of damage mentioned above equals" and substituting therefor the figure "$143,460", (3) by deleting from the eleventh finding of fact thereof the figure "$22,947.00" following the words "net balance due to the plaintiffs from the defendants of" and substituting therefor the figure "$23,947", and (4) by deleting from the tenth decretal paragraph thereof all material following the words "David O'Shea, residing at 16 Judy Court, Centerport, New York" and substituting therefor a provision awarding the plaintiffs the sum of $23,947, with interest thereon from September 20, 1979. As so modified,

judgment affirmed, insofar as appealed from, with costs to the plaintiffs payable by the appellants-respondents, and matter remitted to the Supreme Court, Suffolk County, for a computation of interest and the entry of an appropriate amended judgment.

This action arose out of a contract pursuant to which the defendant Patrician Estates agreed to construct a home for the plaintiffs and to convey the house and property to them by September 20, 1979, a date which was five months after the date of the contract. Construction was halted in January 1980, with the house approximately one fourth completed. The proof at trial showed that a reasonable amount of time required to completely construct the house was four to five months. The work actually done should have taken no more than one month.

We have concluded that there was ample evidence to support the Special Referee's determination that the appellants-respondents breached the contract by failing to complete performance by September 20, 1979. The record shows that the appellants-respondents spent nine months completing one month's work. There was no evidence that any actions of the plaintiffs contributed to the delays.

We also have determined that the Special Referee was warranted in piercing the corporate veil and imposing liability on the defendant O'Shea. The evidence showed clearly that O'Shea and Patrician Estates functioned as one entity and that Patrician Estates failed to maintain any indicia of a separate corporate identity (see, Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652).

The appellants-respondents' contention that the Special Referee erred in awarding damages in addition to directing specific performance is simply without merit. It is well established that, in an action for specific performance, a party may recover such damages as have been sustained by him as a result of a vendor's unreasonable and unwarranted delay in performing (see, Taylor v Taylor, 43 NY 578; Cattaneo v Lynch, 14 Misc 2d 664). Since the remedy of specific performance was only for failure to convey the property, an award of damages was appropriate to compensate the plaintiffs for the appellants-respondents' breach of their promise to timely construct a house on the premises. The award of damages was fully supported by the evidence. We have, however, modified the award to correct an arithmetical error in adding the figures for "net lost use and enjoyment" for 1979 through 1984.

We have considered the other arguments raised on the appeal and cross appeal and have found them to be without merit. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.