PACIFIC TIMBER CO., Appellant, v. IOWA WINDMILL & PUMP CO.

**Contracts:** DIVISIBILITY. Where it reasonably appears from the language of a contract that the parties intended that full and complete performance should be made with reference to the subject matter by one party, in consideration of the obligation of the other party, it is indivisible. The instrument in the instant case is held to be entire.

*Appeal from Cedar Rapids Superior Court —*HON. J. H. ROTHROCK, Judge.

WEDNESDAY, JULY 3, 1907.

SUIT at law to recover for a car load of lumber.    There was a judgment for the defendant, from which the plaintiff appeals.— *Reversed.*

*U. C. Blake* and *Redmond & Stewart,* for appellant.

*C. D. Harrison,* for appellee.

Sherwin, J.— The plaintiff is a corporation, doing a lumber business in the State of Washington, with an eastern office in Minneapolis, and the defendant was a corporation doing a pump and windmill business at Cedar Rapids, Iowa. In December, 1904, the defendant gave the plaintiff an order for lumber to be shipped to it from the State of Washington as follows, so far as the same is material to the question for determination:

You may ship us the following car of lumber to be shipped in a box car; dressed four sides, the four material to measure 3¾ after dressed. And the 5 material to measure 4¾ after dressed. To be no cross-grained material, free of shake and large pitch pockets. To be free of knots only such as we herewith describe    *    *    *

```
80  pieces  4–4.................................20
80  pieces  4–4..................................22
50  pieces  4–4.................................26
30  pieces  5–5.................................32
40  pieces  5–5.................................30
60  pieces  5–5.................................26
50  pieces  5–5................................. 20
```

The price of the 4–4 is to be $26.25 per m., 5–5 $27.25. Terms: 60 days, 2% off for cash within 5 days from receipt of lumber.

This car load of lumber was subsequently shipped to the defendant and by it received about the 28th of February, 1905; the invoice of the car having been received by the defendant about a month before. The defendant unloaded the car along near the first of March, and assorted its contents, taking therefrom for its business all of the load, except certain pieces of both sizes and all lengths which were found to be defective, and which were piled up and held subject to the plaintiff's order. On the 16th of March, 1905, the defendant remitted to the plaintiff for the lumber it had received and appropriated to its own use, and in the same letter it notified the plaintiff of its action as to the balance

of the car load. This suit was brought to recover the contract price for the entire car. The sole and only question for determination under the record before us is whether the contract between these parties was entire or separable. If the former, there was error in the instructions given by the court and in the judgment for the defendant, and, if the latter, there is no error in the case.

As a general rule, it may be said that a contract is entire, when by its terms, nature, and purpose, it contemplates and intends that each and all of its parts and the consideration shall be common each to the other and " interdependent." On the other hand, it is the general rule that a severable contract is one in its nature and purpose susceptible of division and apportionment. The question whether a given contract is entire or separable is very largely one of intention, which intention is to be determined from the language the parties have used and the subject-matter of the agreement. The divisibility of the subject-matter or the consideration is not necessarily conclusive, though of aid, in arriving at the intention. *Aultman & Taylor Co. v. Lawson,* 100 Iowa, 569; 7 Current Law, 803. Where it reasonably appears from the language of the contract or from its terms that the parties intended that a full and complete performance should be made with reference to the subject-matter of the contract by one party in consideration of the obligation of the other party to the contract, it is said to be entire. It is very difficult to lay down a rule which will apply to all cases, and consequently each case must depend very largely upon the terms of the contract involved. In this case we think it almost conclusive that the parties did not intend the contract in question to be severable. It is hardly conceivable that the plaintiff, living more than two thousand miles away from the defendant's place of business, should contemplate the shipment of a car load of lumber, although consisting of pieces of different dimensions, with the understanding or intention that each piece of

timber so shipped should constitute the basis of an independent contract, so that the consignee would be at liberty to reject any part of the lumber so shipped and retain the balance; nor is there anything in the contract itself indicating that the defendant had any thought that it was to receive other than an entire car. The order itself is for a car, and the simple fact that the dimensions of the timber were specified and the price per thousand named would not make the contract a divisible one. Furthermore, under the contract between the parties, the freight was paid on the order as an entirety, and, as we have heretofore said, it is not reasonable to suppose that either party intended that the shipment should constitute as many separate contracts as there were pieces of lumber in the car. As a matter of fact, the appellee rejected pieces of all kinds so that there was not the rejection of the whole of any particular kind. One test of this contract would be whether plaintiff could maintain an action for the part of the car complying with the contract when the balance of the car did not comply therewith. We are clearly of the opinion that such an action could not have been maintained under the terms of this contract. An agreement to furnish ironwork for a building to be erected, payment to be fully made when contract was carried out, was held in *Chicago v. Sexton,* 115 Ill. 230 (2 N. E. 263), to be an entire contract. And a contract to deliver stone at two different places was held in *Gano v. Chicago, etc., R. Co.,* 66 Wis. 1 (27 N. W. 628, 838), to be an entire contract. See, also, on the subject, *Richmond v. Dubuque & Sioux City R. R. Co.,* 33 Iowa, 422; 1 Beach on Contracts, 889.

In *Dibol & Plank v. W. & E. H. Minott,* 9 Iowa, 403, it is said, where the work to be performed consists of several distinct and separate items, and the price to be paid is apportioned to each item or is left to be implied by law, the contract will generally be held to be severable. Where the consideration to be paid is entire, the contract must be so held, although the subject of it may consist of several dis-

tinct and independent items.    In *Norrington v. Wright,* 115 U. S. 188 (6 Sup. Ct. 12, 29 L. Ed. 366), the court, speaking through Mr. Justice Gray, said: "The seller is bound to deliver the quantity stipulated, and has no right either to compel the buyer to select a less quantity or to require him to sell part out of a greater quantity." And it was held in that case that the contract under consideration was an entire contract.   See, also, *Loudenback Fertilizer Co. v. Tenn. Phosphate Co.,* 61 L. R. A. 402 (121 Fed. 298, 58 C. C. A. 220).   In that case it was said: "The contract was clearly an entire contract.   It was for the sale of all the phosphate rock which should be needed for the ordinary requirements of the plaintiff's factory, and was not a number of single contracts for the sale and delivery of definite quantities as ordered from time to time.   The breach went to the whole of the consideration."   See, also, *Cleveland Rolling Mill Co. v. Rhodes,* 121 U. S. 255 (7 Sup. Ct. 882, 30 L. Ed. 920).

The cases cited in support of the appellee's position are not in point.   In *Carriage Co. v. Smith & Co.,* 123 Iowa, 558, the question of the divisibility of a contract was not considered.   In *Aultman & Taylor Co. v. Lawson, supra,* the contract was for the sale of a threshing machine outfit, and in itself provided that a breach of warranty as to a part of the machinery should not be considered a breach of the warranty as to other parts.   The contract in itself clearly showed that it was understood and treated by both parties as a severable contract.   The same is true in *Myer & Dostal v. Wheeler Co.,* 65 Iowa, 395.   Nor does *Pierson v. Crooks,* 115 N. Y. 339 (12 Am. St. Rep. 831, 22 N. E. 349), support the appellee's contention.   In that case several shipments were provided for by the contract, and it was held that, in effect, each shipment constituted a contract in itself.

We think the trial court erred in this case, and the judgment must be, and it is, *reversed.*