JOHANNES LANGE, Appellee, v. RASMUS NISSEN, Appellant.

No. 38855.

212

MAY 7, 1929.

*Ernest M. Miller,* for appellant.

*Bennett Cullison* and *Thomas H. Smith,* for appellee.

FAVILLE, J.—One Peterson entered into a contract of exchange of real estate, whereby he was to acquire 200 acres of land, subject to three mortgages. To .complete the transaction, Peterson borrowed $5,000 at a bank, and gave his note therefor. The appellee and his brother, Chris Lange, were sureties on said note. When said note became due, it was renewed. About the time that said renewal note became due, the appellee and his brother were about to pay said note, with interest due thereon. The appellant, who was not a party to the note, nor apparently interested in said farm, for some reason which does not clearly appear in the record, desired to have it extended. An oral agreement was entered into between the appellee and his brother and the appellant. In a general way, it may be stated that the undertaking was that the appellee and his brother should advance the money necessary to pay the interest on certain mortgages on the Peterson farm and the taxes thereon, and that the appellant would reimburse the appellee and his brother for said amounts so advanced. It also appears that it was the oral understanding and agreement between the parties that the appellee and his brother would not pay off the said note of $5,000 for which they were originally sureties on the obligation of Peterson to the bank, as contemplated, but would renew and continue said indebtedness for a period of two years longer, and that, if the appellee and his brother would so advance the interest and taxes, and continue and renew and extend the said note, the appellant

would pay the said note of $5,000, and reimburse the appellee and his brother for the sums so advanced by them for interest and taxes. In pursuance of the said arrangement between the parties, a written instrument was executed, as follows:

"This agreement made and entered into this 21st day of Feb., 1921, by and between Rasmus Nissen of Shelby County, Iowa, party of the 1st part and Chris Lange and Johannes Lange, parties of the 2nd part.

"The party of the first part hereby agrees to assure parties of the second part, on note of $5,000.00 and interest, and on any further deficit received from rent, that may occur in two years from March 1st, 1921, on the John A. Peterson farms in Adams County, Iowa, these further expenses meaning all interest on mortgages on farm and taxes that may accrue in said time and not paid by rents received of above mentioned farms, all rents are to be applied on either note interest on mortgages or taxes.

"Witness our hands on this 21st day of Feb., 1921.

"Rasmus Nissen
"Johannes Lange
"Chris Lange."

The evidence also establishes that, in pursuance of said arrangement between the parties, the appellee and his brother paid the interest and taxes on said premises, and subsequently had a settlement with the appellant in relation thereto, and the appellant gave to the said appellee and his brother his notes for the amount so advanced by the appellee and his brother. This action does not involve said amount. It also appears that the appellee and his brother paid off the said note of $5,000, with interest thereon, after having renewed the same for a period of two years; and this action is brought to recover the amount so paid. The claim of Chris Lange was duly assigned to the appellee before the commencement of this action. The appellant introduces his argument in this court with the following statement:

"The appellant, in presenting the argument in the case at bar to this court, is relying entirely upon the defense raised by the appellant of no consideration for the execution of the contract in question."

It is apparent that the written agreement between the parties

is not free from ambiguity, and much oral evidence was received without objection, with regard to the oral understanding and agreement between the parties. The evidence is ample to sustain the appellee's contention that it was the agreement and understanding between the parties that the appellee and his brother should renew and extend the $5,000 note at the bank, which was their obligation, and advance the necessary money to pay off the interest on the mortgages upon the Peterson land and the taxes thereon, and that the appellee and his brother performed said agreement on their part. The evidence also establishes that the appellant agreed that, in the event that the appellee and his brother should perform said agreement on their part, he would pay the said $5,000 note at the bank, upon which the appellee and his brother were obligated. Such is the transaction.

As stated by the appellant, the sole question for our determination upon this record is whether or not such a contract is supported by consideration. We think it cannot be seriously questioned but that the promise on the part of the appellee and his brother to pay the interest on the outstanding mortgages on the Peterson land and the taxes thereon would be a consideration to support the promise of the appellant to pay the $5,000 note in suit. Whether the mere promise to extend or renew their own obligation, being the note at the bank, would be consideration for the promise of the appellant to pay said note to appellee and his brother, upon which note he was not obligated, is a question which it is unnecessary for us to determine, because of the fact that the promise to advance the money to pay the interest and taxes upon the Peterson land was a sufficient consideration to support all of the promises made by the appellant. It is a well established rule that one consideration may support any number of promises. The rule is thus stated by the American Law Institute in its Restatement of the Law of Contracts (Official Draft, Section 83):

"Consideration is sufficient for as many promises as are bargained for and given in exchange for it, if it would be sufficient (a) for each one of them if that alone were bargained for, or (b) for at least one of them, and its insufficiency as consideration for any of the others is due solely to the fact that it is it-

self a promise for which the return promise would not be a sufficient consideration.''

In *Fishbaugh v. Spunaugle*, 118 Iowa 337, we said:

''It is elementary that consideration for an undertaking is not necessarily anything which is of advantage or benefit to the party against whom it is asserted, but may consist in something which imposes upon the other a liability or inconvenience which otherwise would not have existed.''

We find no error in the record. The verdict of the jury is sustained by the evidence, and the judgment must be, and is,— *Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.