IRVING M. BRAKARSH, Plaintiff, *v.* GRACE A. BROWN, Defendant.

Supreme Court, Special Term, Kings County, February 6, 1937.

*A. Wolodarsky,* for the plaintiff.

*Aranow & Aranow,* for the defendant.

HALLINAN, J. Motion to dismiss complaint, pursuant to rule 106 of the Rules of Civil Practice, upon the ground of legal insufficiency.

This is an action by a purchaser of real estate against the seller for the specific performance of the written contract of sale entered into between them.

It appears upon the face of the complaint that on the 15th day of January, 1936, the contract was entered into; the closing date was fixed for March 2, 1936; on that day the parties agreed in writing to adjourn the closing to the 23d day of March, 1936; on the 23d day of March, 1936, and at divers times thereafter, further adjournments of the closing were agreed upon, but no specific time or place was therefor fixed; that the defendant has indicated that she refuses to be bound by the contract and threatens to transfer the premises and deprive plaintiff of all rights and remedies; upon due performance of the contract on the part of the defendant, the plaintiff was and is ready, able and willing to perform his part.

This complaint is attacked upon the grounds (1) that rule 92 of the Rules of Civil Practice has not been complied with in that neither facts constituting performance of the conditions precedent nor " due performance " on his part in the language of rule 92 are pleaded, and (2) there is no allegation on the part of the plaintiff to the effect that the plaintiff fixed a date for closing, and on that date the defendant defaulted, and that the action, therefore, is premature. The motion is resisted upon the ground that the defendant is guilty of anticipatory breach, and that it would be futile to make a tender where the defendant has indicated or declared that she intends to repudiate her contract.

Practical considerations of proof would indicate that the better part of wisdom would have been to refuse an adjournment of the closing unless an adjourned date was fixed, and if not fixed, demand should have been made for the closing to take place on a date fixed by the plaintiff, or that a date be fixed. Failure to do so, however, does not destroy or render premature the cause of action if anticipatory breach, showing the futility of such a course, is pleaded. 13 Corpus Juris (p. 661) states: " A demand for a performance is unnecessary where it is apparent that it would be unavailing as where there has been a prior absolute refusal, or where the

party from whom performance is due has placed it out of his power to perform; or where demand has been waived."

Again at page 663 is found the statement: " Similarly a tender is waived where the tenderee makes any declaration which amounts to a repudiation of the contract, or takes any position which would render a tender, so long as the position taken by him is maintained, a vain and idle ceremony."

In the Restatement of the Law of Contracts is found the following: " § 306. Excuse of Condition by Repudiation or Manifestation of Inability. Where failure of a party to a contract to perform a condition or a promise is induced by a manifestation to him by the other party that he cannot or will not substantially perform his own promise or that he doubts whether though able he will do so, the duty of such other party becomes independent of performance of the condition or promise." Comment. (a) " No man is compelled to do a useless act, and if performance of a condition will not be followed by performance of the promise which is conditional, it is useless for the intended purpose and it is, therefore, unnecessary to perform the condition. A promisee in judging whether performance of a condition will not be followed by performance of the promise is justified in taking the other party at his word. * * * (c) In case of a suit for specific performance plaintiff is often allowed to maintain his suit without preliminary performance or tender, an allegation in the bill of complaint that plaintiff is ready and willing to perform being treated as a substitute for actual performance or tender. (See §§ 374–375.)" " § 318. Anticipatory Repudiation as a Total Breach. Except in the cases of a contract originally unilateral and not conditional on some future performance by the promisee and of a contract originally bilateral that has become unilateral and similarly unconditional by full performance by one party, any of the following acts, done without justification by a promisor in a contract before he has committed a breach under the rules stated in §§ 314–315, constitutes an anticipatory repudiation which is a total breach of contract: (a) a positive statement to the promisee or other person having a right under the contract, indicating that the promisor will not or cannot substantially perform his contractual duties; (b) transferring or contracting to transfer to a third person an interest in specific land, goods, or in any other thing essential for the substantial performance of his contractual duties; (c) any voluntary affirmative act which renders substantial performance of his contractual duties impossible, or apparently impossible." Comment: * * * (d) " Such a breach justifies an immediate action."

In *Windmuller* v. *Pope* (107 N. Y. 675) the defendants, before the time that the goods sold were to be delivered, notified the plaintiffs that they would not receive or pay for the goods, and if brought to New York they would do so at their own peril, and that they had better stop at once attempting to carry out the contract. The court said, " the plaintiffs were justified in treating the contract as broken by the defendant at that time, and were entitled to bring an action immediately for the breach, without tendering the delivery of the iron, or awaiting the expiration of the period of performance fixed by the contract."

In *Stokes* v. *Mackay* (147 N. Y. 223, 234, 235) the court said: " Indeed, in view of Mackay's express repudiation of the contract, it would have been an unnecessary and meaningless ceremony for Stokes to go through the form of tendering the remaining bonds and no tender was called for. (*Cornwell* v. *Haight*, 21 N. Y. 462; *Shaw* v. *Republic Ins. Co.*, 69 id. 286.) In the latter case the English rule deducible from the cases was adverted to, that ' the positive, absolute refusal by one party to carry out the contract is in itself an immediate complete breach of it on his part and dispenses the other party from the useless formality of tendering performance of the condition precedent and gives immediate right of action,' and it was held that while our decisions may not have gone so far as those of the English courts, yet that where a party has repudiated all obligation, and so declares, it would be ' a useless act ' after that to make an offer to perform. The law does not compel a man to do a vain and fruitless act."

In *Drake* v. *Hodgson* (192 App. Div. 676) the court said: " It is the well settled law that where a contract is repudiated or its performance made impossible, a tender and demand of performance need not be made to the party so repudiating the contract or rendering himself unable to perform it. (*Hartley* v. *James*, 50 N. Y. 38; 13 C. J. 661; *Wollner* v. *Hill*, 93 N. Y. 576; *Ferris* v. *Spooner*, 102 id. 10; *Smith* v. *Rodgers*, 42 Hun, 110; affd., 118 N. Y. 675.) "

Thus in the case at bar, if the defendant has by positive statement repudiated the contract, or by her actions made the performance thereof impossible, the plaintiff could properly treat that as a breach and maintain the suit without preliminary performance or tender, provided he alleges that he is ready and willing to perform. (Restatement of the Law of Contracts, comment (c), § 306.)

In the complaint under consideration the plaintiff has pleaded that upon due performance of the contract on the part of the defendant plaintiff was and is ready, willing and able to perform. This allegation, coupled with allegations properly pleaded showing

anticipatory breach, would be sufficient to obviate the necessity of complying with rule 92 of the Rules of Civil Practice. However, the allegations of anticipatory breach pleaded in this complaint are insufficient, since they do not state the facts and circumstances constituting the same, but are alleged merely in conclusory form.

Accordingly, the motion is granted, with leave to the plaintiff to plead over within ten days of the service of the order to be entered herein.