LLOYD J. HOLDRIDGE, Plaintiff, *v.* CARRIE B. ROBERTS, Defendant.

Municipal Court of the City of Syracuse, May 12, 1949.

*Dennis D. Clarke* for plaintiff.

*George H. Van Lengen* for defendant.

SKERRITT, J. The plaintiff, vendee in a contract for the purchase of real property, has brought this action against defendant vendor to recover damages for breach of the agreement, whereby the vendor agreed to sell and the vendee to purchase a two-family house and lot and four-car garage, located at 810–812 Tallman Street in the city of Syracuse, at a price of $7,000; all above the down payment of $50 to be paid in cash on closing.

The contract expressly provides that the sale is contingent upon the vendee's obtaining a " G.I. Mortgage loan " on this property; and that if such loan is not obtained the contract shall be rescinded and neither party shall be liable.

This special mortgage provision, however, does not affect the vendor's implied obligation to act in good faith, nor her express agreement to furnish a good and marketable title. And such title she failed to furnish, because the evidence shows that the garage encroaches eight inches, and the driveway encroaches ten inches, on the adjoining lot.

Considering the large size and the cement block construction of this garage, and the location of the driveway on this narrow lot, these encroachments render the title unmarketable. (*Stevenson* v. *Fox*, 40 App. Div. 354, affd. 167 N. Y. 599; *Kaplan* v. *Bergmann*, 122 App. Div. 876.) It is well settled that a good and marketable title must be reasonably free from the risk of litigation. (*Vought* v. *Williams*, 120 N. Y. 253; *Norwegian Evangelical Free Church* v. *Milhauser*, 252 N. Y. 186; *Brokaw* v. *Duffy*, 165 N. Y. 391.)

As to the mortgage loan, it was promptly applied for and granted, but was held up by the title examiner until the title could be cleared of said encroachments. The vendor refused to clear it, though she could have done so by purchasing a strip of the adjoining lot for $200. And when the vendee voluntarily purchased the strip himself the vendor refused to deal with him, and sold the property to a third person for $7,500. Under such circumstances the vendor violated her contract when she refused to clear the title, and when she made performance impossible by selling to a third person.

In my opinion, therefore, the vendor is not protected by the conditional clause relieving her from liability if the loan is not obtained. I think it was obtained within the meaning of this clause. The vendee applied for it, his status as a veteran was approved, and the property was approved as security. The one thing lacking was a marketable title. The vendor's refusal to furnish such title made it impossible for the vendee to perform, or to make any tender of performance. In such case tender is not

required. The rule is that where a contract has been repudiated, or where performance has been made impossible, the law does not require the useless formality of a tender or demand. (*Brakarsh* v. *Brown,* 162 Misc. 412; *Roberts* v. *New York Life Ins. Co.,* 195 App. Div. 97, 101, affd. 233 N. Y. 639; *Ziehen* v. *Smith,* 148 N. Y. 558, 561; *Vandegrift* v. *Cowles Engineering Co.,* 161 N. Y. 435, 443.)

As to the admitted fact that nothing was done on the date fixed by the contract for closing transfer of title, such date in a contract for the sale of real property is not ordinarily regarded as of the essence even in an action at law. To give it such importance the contract must clearly show that the parties so intended, or that one party served notice on the other fixing a reasonable time within which the deal must be closed. In this case no notice was given. (*Ballen* v. *Potter,* 251 N. Y. 224; 3 Williston on Contracts [Rev. ed.], § 846; *Hubbell* v. *Van Schoening,* 49 N. Y. 326; *Hun* v. *Bourdon,* 57 App. Div. 351; *Day* v. *Hunt,* 112 N. Y. 191.)

As to the measure of damages, a vendee can recover, regardless of the vendor's good faith, the amount paid on the contract, plus the reasonable expense of examining the title, including a reasonable attorney's fee. (*Northridge* v. *Moore,* 118 N. Y. 419; *Maupai* v. *Jackson,* 139 App. Div. 524.) In the instant case, therefore, the vendee can recover his down payment of $50, plus $20 paid for a survey and map, and $50 for that part of his attorney's legal service which related to the main title, making a total of $120. But no allowance can be made for the vendee's voluntary purchase of a strip of the adjoining lot.

On the principal question as to whether the vendee can recover for the loss of his bargain, the rule in New York is that he cannot recover where the vendor has acted in good faith, and is unable to give a good title; but can recover where the vendor has not acted in good faith, or has knowingly contracted beyond his power, or is able to give a good title and refuses, or is able at reasonable expense to remedy defects in his title and arbitrarily refuses to do so. (5 Williston on Contracts [Rev. ed.], § 1399; *Bulkley* v. *Rouken Glen, Inc.,* 222 App. Div. 570, affd. 248 N. Y. 647; *Pumpelly* v. *Phelps,* 40 N. Y. 59; *Margraf* v. *Muir,* 57 N. Y. 155; *Mack* v. *Patchin,* 42 N. Y. 167; *Goodman* v. *Wolf,* 95 App. Div. 522; *Grosso* v. *Sporer,* 123 Misc. 796, affd. 220 App. Div. 807.)

In the instant case it is unnecessary to consider the question of good faith, though it should be noted that the vendor's conduct throughout the transaction was contrary to the advice of counsel. Assuming, however, that she acted in good faith, and did not

contract beyond her power, I find from the evidence that she was able at reasonable expense to remedy the defects in her title, and arbitrarily refused to do so. For this reason alone she is liable to the vendee for the loss of his bargain, which is the difference between the contract price and the market value at the time of the breach. I fix this value at $7,500, the amount she actually received from a third person. (*Heiman* v. *Bishop,* 272 N. Y. 83.) So the vendee's damage for loss of his bargain is $500.

Judgment for the plaintiff against defendant in the amount of $620, with costs and without interest.