THOMAS L. CORCORAN et al., Plaintiffs, *v.* JOHN F. TROMMER, INC., et al., Defendants.

Supreme Court, Special Term, New York County, May 19, 1952.

*James J. McLoughlin* for John F. Trommer, Inc., defendant.

*Henry J. Walsh* and *Mario Pittori* for George F. Trommer, defendant.

*John F. Finn, Jr., Leon Silverman* and *Dora Furth* for plaintiffs.

RABIN, J. Employees of the corporate defendant allege that they were induced by Trommer, the principal officer, director and stockholder of the corporation, to work for less than the reasonable value of their services, to refrain from joining a union, and to persuade others not to join a union, upon the representation that Trommer would bequeath his stock to them. Plaintiffs further allege that, in derogation of the foregoing arrangement, Trommer has caused the assets of the corporation to be sold and put in process the ultimate liquidation of the corporation. These circumstances, according to plaintiffs, found, *inter alia,* an action for breach of contract against Trommer, another action for *quantum meruit* against the corporation, and still another action for unjust enrichment against Trommer. Defendants move to dismiss under rule 106 of the Rules of Civil Practice asserting the actions to be premature, barred by the Statute of Frauds, and insufficient as based upon an illegal consideration.

The complaint sufficiently recites action by Trommer calculated to frustrate and render impossible of effective performance his promise; the complaint is, therefore, not premature. (*Brakarsh* v. *Brown*, 162 Misc. 412.) Nor is the complaint subject to challenge under subdivision 5 (now subdivision 4) of rule 106 of the Rules of Civil Practice for reasons arising under the Statute of Frauds since it does not appear on the face of the complaint that the agreement was oral. (*Piccione* v. *Schultz,*

198 Misc. 876.) More serious questions are raised, however, by the contention of illegality.

All three causes of action here the subject of attack involve reliance, at least in part, by plaintiffs upon their refraining from joining a union and inducing other employees to do the same: in the contract action this was one of the promises allegedly made and performed by plaintiffs; in the other two actions this activity is part of the alleged value rendered for which recovery is sought. In this State extracting an agreement not to join a union as a condition of employment violates the Penal Law (§ 531), is an unfair labor practice under the Labor Law (§ 704, subd. 4), and is contrary to the statutorily expressed public policy contained in the Civil Rights Law (§ 17). Few practices have thus been as strongly defined as inimical to the public interest. The forceful impact of the foregoing cannot be evaded by characterizing the instant suit as one by and on behalf of workers, the class intended to be benefited by the cited legislation (cf. Restatement, Contracts, § 601, and 6 Williston on Contracts [Rev. ed.], §§ 1787, 1789); the terms of section 17 of the Civil Rights Law, as well as the large public interest in allowing employees free and uncommitted discretion to join or not to join a union, render an agreement to refrain from joining a union not merely voidable at the employee's option but void. And this conclusion is here particularly appropriate since the promise and the action of plaintiffs were not confined to their own union nonaffiliation but extended to inducing others to follow their course.

The illegality of plaintiffs' alleged promise and action requires the dismissal of the fifth cause of action, the one for breach of contract. However separable the invalid from the valid considerations allegedly promised and performed by the plaintiffs under the contract, the reciprocal consideration of Trommer is not divisible or otherwise allocable to the legal promises and performance by plaintiffs and the contract is, therefore, unenforcible in its entirety. (*Sturm* v. *Truby*, 245 App. Div. 357; *American Stone Equipment & Constr. Corp.* v. *Dempsey's Punch Bowl*, 174 Misc. 436; 6 Williston on Contracts [Rev. ed.], §§ 1779–1782.) The sixth and seventh causes of action are similarly vulnerable, but only to the extent that they seek to recover for the value of acts contrary to the law and the public policy; as to those causes of action the motion is therefore granted but with leave to amend. Settle order.