**V. O. FIGGE, Appellee,**

v.

**Clyde C. CLARK, Jr. and Marilyn J. Clark, Appellants.**

**No. 53772.**

Supreme Court of Iowa.

Feb. 10, 1970.
Rehearing Denied April 6, 1970.

Harold C. Lounsberry, Davenport, for appellants.

Lane & Waterman, Davenport, for appellee.

LARSON, Justice.

Plaintiff V. O. Figge brought a suit in equity for specific performance of an agreement to sell and convey real estate, claiming he had given adequate timely notice of intent to exercise a repurchase option but that performance was rejected by defendants Clyde C. Clark, Jr. and Marilyn J. Clark. The trial court granted relief and defendants appeal. We affirm.

In the summer of 1959 plaintiff negotiated with the executor of the estate of Emma Mueller, deceased, for the purchase of the deceased's home property in Bettendorf, Iowa. The agreed price was $125,000, and the time of closing was to be when the title was approved and the survey completed. In the meantime plaintiff had discussions with defendant Clyde C. Clark, Jr. for the later purchase of part of that property including the home located thereon. An agreement dated July 22, 1959 (Exhibit "A"), was executed between plaintiff and his wife and the defendants wherein defendants would purchase that property for $75,000, with the date of closing to be within ten days of the date of the deed from the Mueller Estate. This agreement contained an option in favor of the Figges or their assigns to repurchase a part of this property, known as the garage property, for the sum of $10,000 any time within a five-year period beginning two years after the date of closing. The agreement is silent as to how this option was to be exercised, and no particular form of notice was provided therein. The parties did agree that the covenants and agreements to be performed therein subsequent to the date of closing "shall survive the date of closing."

Plaintiff and his wife received a deed to the entire real estate from the Mueller Estate on December 28, 1959, and they conveyed Tracts Nos. 1 and 2 as set forth in Exhibit "A" to defendants on December 29, 1959. In this warranty deed appear several reservations and conditions, one of which states: "The grantees, as a part of the consideration for this conveyance, grant to V. O. Figge, owner of the real estate immediately northerly of that conveyed by this deed, an option to purchase prior to January 1, 1967, but not before December 31, 1961, the portion of the land hereby conveyed on which the two story garage and apartment is situated which portion is described as follows: [legal description]." It appears defendant Clyde C. Clark did initial the first page of this deed (Exhibit "C") indicating approval thereof. No objection as to the January 1, 1967, time for exercising the option to repurchase was raised by defendants prior to the commencement of this suit on March 22, 1967.

There were some negotiations during the last year of the option period between plaintiff, represented by his attorney and agent E. L. Carmody, and defendants for an extension of time for the exercise of the repurchase option, but nothing came of those negotiations and Mr. Carmody testified that sometime during the week of December 19, 1966, at plaintiff's direction he orally notified defendant Clyde Clark that plaintiff was exercising the option. He further said he told Mr. Clark that whenever Clark tendered the deed executed by him and his wife Mr. Figge would deliver the $10,000 to him.

Not having heard from the Clarks on December 29, 1966, Carmody, accompanied

by a deputy sheriff, attempted to serve a written notice of exercise of option on defendant Clyde Clark at his place of business, but Clark left before he could be served or the cashier's check for $10,000 dated December 29, 1966, could be tendered to him. A copy of the notice was left with Clark's father, an employee of Clark, with instructions to deliver it to him. On the same day Carmody and the officer went to the home of defendants to serve the written notice on them, but on being advised that neither defendant was at home or available, left a copy of the notice with defendants' 14-year-old son with instructions to give it to his parents. On the same date Mr. Carmody said he deposited in the United States Post Office at Davenport, Iowa, postage prepaid, an envelope containing a copy of the notice properly addressed to defendants. A copy of the registered receipt from V. O. Figge to defendants, shown as Exhibit "G", was introduced in evidence to support his statement that it was mailed on December 29, 1966.

It also appeared on December 31, 1966, in an effort to check up on delivery of the notice left at Clark's place of business, Carmody was unable to talk to Clark when Clark left by the back door. Per Mar Investigating Service, hired by Figge to serve Clark, was also unable to locate him.

The trial court was convinced from this evidence that defendants were aware that Carmody, acting for plaintiff, was trying to serve them with a written notice of the exercise of the option, and willfully dodged service, but that conduct did not avoid the timely notice of such election. We agree.

Appellants contend the trial court erred in finding that the oral notification was sufficient because it appeared neither of the parties treated the notice as final, that the option had been exercised in the absence of the unconditional tender of the purchase price, that the option to purchase could be timely exercised on December 29, 1966, rather than on December 28, 1966, that an agency relationship existed between Clyde C. Clark, Jr. and Marilyn J. Clark, and between E. L. Carmody and V. O. Figge or Elizabeth Figge, and that any of the written notices of election which plaintiff caused to be served were effective. The contentions are without merit.

■ I. This suit being in equity, it is of course reviewable de novo. Although the scope of review is the entire action, it will be here confined to those propositions relied upon for reversal. B–W Acceptance Corporation v. Saluri, 258 Iowa 489, 499, 139 N.W.2d 399, 405.

■ II. The burden is upon one claiming the exercise of an option to show positively that he had exercised the option if he is to sustain his contention that he is entitled to specific performance. Hunter Investment v. Divine Engineering, 248 Iowa 1109, 1120, 83 N.W.2d 921, 927; 91 C.J.S. Vendor and Purchaser § 80, pages 959, 960.

■ III. Equity will not knowingly permit a party to benefit from his own obstructional tactics or wrongful maneuvers. It abhors forfeitures. Steele v. Northup, 259 Iowa 443, 451, 143 N.W.2d 302, 307; Bentler v. Poulson, 258 Iowa 1008, 1012, 141 N.W.2d 551, 552; Kilpatrick v. Smith, 236 Iowa 584, 593, 19 N.W.2d 699, 703.

IV. The broad problem presented here is whether plaintiff effectively exercised the option granted in Exhibit "A" prior to an agreed expiration date. Plaintiff contends it was properly exercised orally and by a timely effort to serve an adequate written notice on defendants, which they wrongfully avoided. Defendants take the position that oral notice by one not known to them to be plaintiff's agent was not sufficient, and that they did not knowingly avoid service of a written notice or receive an unconditional tender of the purchase price prior to the expiration date of the option. We do not agree.

■ It is the general rule that the time prescribed in the agreement for the exer-

cise of an option is of the essence and, if the option is not exercised within the time limit, all the rights of the optionee stand forfeited without notice. On the other hand, if the optionee is prevented from performing by obstructive and delaying tactics on the part of the optionor so as to prevent timely performance, payment or tender, then the delay is excused and notice of intention in any manner to exercise the option and a present readiness to perform or pay will ordinarily suffice. Steele v. Northup, supra; 91 C.J.S. Vendor and Purchaser §§ 9–12, pages 852–863; 17A C.J.S. Contracts § 468, page 638; 55 Am.Jur., Vendor and Purchaser, §§ 40–41, pages 509–513; 17 Am.Jur.2d, Contracts, §§ 60–61, pages 396–400; Annotations 157 A.L.R. 1311. We are committed to these principles.

Very much in point are recent pronouncements in Steele v. Northup, supra, 259 Iowa 443, 143 N.W.2d 302. There plaintiffs came into financial difficulty on the farm they had just purchased and assigned their purchase contract to defendant with an option to repurchase within eleven months, the option price to be determined on the basis of the agreement they entered, but not stating a sum certain. Before the expiration of the option time, plaintiffs went to see defendant to discover the amount owing, but defendant prevented a formal exercise of the option by not disclosing the pertinent amount to plaintiffs. We held therein that plaintiffs had orally exercised the option and were excused from formal timely tender by defendant's conduct.

In Steele, at page 449 of 259 Iowa, and page 305 of 143 N.W.2d, we quoted with approval from Breen v. Mayne, 141 Iowa 399, 403, 404, 118 N.W. 441, 443, stating the rule as: " 'The only fixed rule regarding the manner of the exercise of an option under a contract granting it is to discover from the language of the instrument, construed in the light of competent parol testimony, the intent of the parties with reference thereto. It may be that under the

terms of a given option the only proper and binding method of election or acceptance is by the payment or a tender of the purchase price. On the other hand, there are many cases where the option may be exercised in parol or by any other method indicating an election to take the land— the payment of the purchase price * * * being subsequent matters in performance of a binding contract. In the one case, there is an election to sell, upon payment of the purchase price, which is a condition precedent to the foundation of the contract; and in the other there is an election to take the land upon the terms proposed, payment of the purchase price being a condition subsequent, or rather the performance of an executory contract theretofore entered into.

" 'It is important in such cases to distinguish that which pertains to the performance of a contract from that which pertains to its making. To make any sort of a contract, there must be a meeting of minds upon a given subject. An offer without acceptance is not a contract, and as a rule the acceptance to be binding must be in accord with the terms of the offer, and not in some other manner. In other words, the party making the offer may prescribe the mode of acceptance, and to constitute a binding contract this method must be followed. * * *' To the same effect, see Lockman v. Anderson, 116 Iowa 236, 239, 89 N.W. 1072."

■ V. With the absence of any prescribed mode of acceptance in the option contract, no particular form of notice is required. Generally, then, in this jurisdiction anything amounting to an unqualified manifestation of an optionee's determination to accept is sufficient. Steele v. Northup, supra, 259 Iowa 443, 450, 143 N.W.2d 302, 306; Killam v. Tenney, 229 Or. 134, 366 P.2d 739, 747; 91 C.J.S., Vendor and Purchaser § 10, page 852; 55 Am.Jur., Vendor and Purchaser, § 38, page 506. As pointed out heretofore, the contract between plaintiff and defendants, Exhibit "A", does not provide for any

particular mode of acceptance, and the trial court held under these circumstances a timely oral notice of acceptance was sufficient. We agree. In Hunter Investment v. Divine Engineering, supra, we said that in the absence of any contractual prohibition, an oral notice of an exercise of an option to purchase land may be given. Also see 51C C.J.S. Landlord and Tenant § 82(2), page 247; 91 C.J.S. Vendor and Purchaser § 10, pages 855, 856; Mauzy v. Elliott, 146 Neb. 865, 22 N.W.2d 142, 146.

■ Appellants' contention that the oral acceptance conveyed by the agent and attorney for plaintiff was not unqualified but carried a condition is not convincing. This oral communication merely informed defendant Clyde Clark during the week of December 19, 1966, that if he would prepare and present the deed to the involved premises, the agreed consideration of $10,000 would then be paid to him. This timely notice involved no condition beyond the agreement itself, whether we consider the last day December 28, 1966, or December 29, 1966. By this communication defendants were advised that plaintiff was exercising that option, and only a simultaneous exchange of deed for consideration remained undone. After defendants refused or neglected to produce the required deed pursuant to the terms of the original contract, this notice was sufficient to sustain plaintiff's burden to show entitlement to specific performance of the resultant contract arising from the exercised option.

In Steele v. Northup, supra, we said at page 450 of 259 Iowa and page 306 of 143 N.W.2d: "* * * when this clearly unqualified oral notice of election to perform was given, the option became a contract of purchase. Maytag Co. v. Alward, 253 Iowa 455, 460, 112 N.W.2d 654, 96 A.L.R. 2d 162, [and other citations.]"

Here when plaintiff's attorney and agent, whom it appears Clark knew was representing plaintiff, advised the defendant Clyde Clark that plaintiff was exercising the option to buy, it must be concluded the contemplated contract of purchase was consummated as of that time. We agree with the trial court that the evidence reasonably discloses that Carmody was acting for plaintiff and that Clark was representing his wife in these transactions, and that both parties held this property as joint tenants. All defendants needed to do, after being advised of the acceptance, was to present the deed to the property and accept the consideration agreed upon in the option. This was not done, and nothing appears to indicate the simultaneous delivery of the deed and payment of the money at that time was not the fault of the defendants.

Certainly it would not have been an unconditional acceptance if plaintiff had required that the deed be executed before payment was made. Nor would it be a condition to require a deed to the property when tender is made. The transaction contemplated was a simultaneous one. Fairly construed, the acts of plaintiff were sufficient to establish an enforceable contract between the parties pursuant to the agreement all had signed in the summer of 1959.

■ But even if we were to assume the oral notification was for some reason not unqualified or not properly accepted, the record amply supports a finding that all efforts of plaintiff to serve defendants with a written acceptance and a tender of a cashier's check for the correct amount were thwarted by defendants. It is evident that under no circumstances could defendants reasonably contend that they did not know plaintiff desired to and meant to exercise the repurchase option and were attempting to do so.

■ VI. This presents another question which we also resolved in Steele v. Northup, supra, i. e., whether plaintiff's tender, although not made to defendants in person, was excused by the acts of defendants.

The factual situation in the case at bar need not be repeated, for there can be little doubt that plaintiff adequately showed he made considerable effort to serve defendants with a written notice of acceptance on December 29, 1966, and was prepared to make payment under the agreement with a cashier's check made out to defendants bearing that date. These efforts, it appears, were fruitless due entirely to defendants' efforts to avoid contact with him either at their place of business or at home. It would be difficult to show a more diligent effort by plaintiff to contact, serve, and tender the consideration required to fulfill the contract. We are satisfied here payment was a condition subsequent, and no deed has been prepared or offered to plaintiff as required by their contract.

The trial court correctly held it was apparent the terms of the option, together with defendants' conduct, served to excuse plaintiff from making tender prior to the option expiration date. In fact, reasonable efforts to make that tender proved futile, and we too attribute any failure to fully exercise the option to defendants alone.

It is the rule generally recognized that where performance of a contract has been made impossible, the law does not require the useless formality of a tender. Holdridge v. Roberts, 195 Misc. 646, 89 N.Y.S. 2d 619, 622; 92 C.J.S. Vendor and Purchaser § 258, page 123; Steele v. Northup, supra.

Nevertheless, we are satisfied plaintiff did effect a tender, for by his agent he advised that he would make payment when defendants produced the deed.

VII. We find no merit in appellants' contention that the expiration date had been changed after the oral acceptance of the option, or that neither party treated the oral notice as a final and conclusive exercise of that option. We are satisfied the final date for exercising this option remained December 29, 1966, although there is persuasive evidence that it was extended to January 1, 1967, by a reservation in the deed to this property accepted by defendants on or about December 29, 1959. It is unnecessary to determine here whether any of the written notices left with relatives at the store or at home, or sent via registered mail, were sufficient to exercise the option. Except by inference, there was no showing that defendants received this timely written notice, but as heretofore stated, due to defendants' acts, failure to actually receive it is unimportant.

■ Pursuant to the decision of the trial court on December 30, 1968, defendants' motion for a new trial was overruled on February 7, 1969. In this ruling the trial court considered and disposed of defendants' contention that defendant Clyde C. Clark, Jr. was not the representative or agent of his wife in these proceedings and that both defendants had to be notified of the election to exercise the option. It cited the general rule as set forth in 20 Am.Jur.2d, Co-tenancy and Joint Ownership, § 92, page 192, to the effect that when the property is held in joint tenancy notice to one of the parties is binding on all. Again, it is unnecessary for us to resolve that issue here for the reason that it appeared both Clark, Jr. and his wife made themselves unavailable for service of notice and the excuse for not serving them personally or making tender to each was sufficient. The motion for a new trial was properly overruled.

VIII. It is our conclusion that the trial court did not, under the revealed circumstances, err in holding plaintiff had not forfeited his rights under the option, and we find no basis upon which to conclude other than that he was entitled to the relief accorded by that court. Costs are taxed to defendants.

Affirmed.

All Justices concur, except LeGRAND, J., who takes no part.