In the Matter of the ESTATE OF Leona CLAUSSEN, Deceased.

Evelyn CLAUSSEN, Appellee,

v.

Verna FELDPAUSCH and Gladys Helkenn, Executors, Appellants.

No. 90–1774.

Supreme Court of Iowa.

March 18, 1992.

John T. Flynn of Brubaker, Flynn and Darland, P.C., Davenport, and Therese M. Sizer of Betty, Neuman and McMahon, Davenport, for appellants.

Paul L. Macek of Dircks, Ridenour, Norman and Macek, Davenport, as guardian ad litem for appellee Janelle Claussen, a minor.

Daniel J. Condon of Condon, Peavey and Schirman, DeWitt, and Gary J. Rolfes of Mayer, Mayer, Lonergan and Rolfes, Clinton, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and SNELL, JJ.

McGIVERIN, Chief Justice.

Appellants Verna Feldpausch and Gladys Helkenn, executors of the estate of Leona Claussen, appeal from a district court ruling mandating specific performance of an option contract between Leona Claussen and Evelyn Claussen. We affirm.

I. *Background facts and proceedings.* Clarence and Leona Claussen, husband and wife, owned certain farm land in Scott county as joint tenants with rights of survivorship. In May 1975, they sold eighty acres of this farm land to Delmar and Evelyn Claussen, husband and wife. Delmar and Evelyn took their interest in this property as joint tenants with rights of survivorship. One provision of the parties' real estate contract granted to Delmar and Evelyn the option to purchase an additional forty acres adjacent to the farm land which they were then purchasing.

This option clause entitled Delmar and Evelyn to purchase the forty acres

> for the sum of Eight Hundred ($800.00) Dollars per acre, payable Five Thousand ($5,000.00) at time of closing and the balance at the rate of Three Thousand ($3,000.00) Dollar[s] a year commencing on the 1st day of March of the next year after the date of closing, with interest at six (6%) percent per annum. . . .

The option clause required all principal and interest to be paid by March 1, 1991, and provided that

> if not exercised during the life time of the Seller, [the option] shall continue for six months after the death of the surviv-

or of the Seller, and if not exercised in that time shall cease and no longer be effective or valid.

Clarence Claussen, Leona's husband, died in July 1982, and Delmar Claussen, Evelyn's husband, died in October 1983. Leona and Evelyn received the interests of their deceased husbands in their respective parcels of farm land by virtue of being the surviving joint tenants.

Leona Claussen died on December 22, 1989. Her estate was opened and appellants Verna Feldpausch and Gladys Helkenn were appointed executors thereof. Shortly thereafter, on February 19, 1990, Evelyn mailed to the executors and their attorney a notice of her election to exercise the option to purchase the forty acres of farm land in accordance with the May 1975 real estate contract. The executors responded that they did not believe that the option was legally valid, whereupon Evelyn filed in the estate proceeding an application for specific performance of the option and a claim for a court officer deed to the farm land described therein. *See* Iowa Code §§ 633.97, 633.418, 633.419 (1989).

The executors filed a resistance to Evelyn's application for specific performance and a notice of disallowance of Evelyn's claim. *See* Iowa Code § 633.439. They contended that the option did not constitute a legally binding contract, asserting that it was not supported by sufficient consideration, that it was not properly exercised, and that it constituted an unreasonable restraint on alienation of property. The district court disagreed with the executors' assertions and, after an evidentiary hearing, ordered that Evelyn was entitled to specific performance of the option.

The executors have appealed, and we now consider the issues raised.[1] Our review is de novo in this equity action. *Figge v. Clark*, 174 N.W.2d 432, 434 (Iowa 1970); Iowa R.App.P. 4.

II. *Defense of lack of consideration.* On this appeal, the executors contend that the May 1975 real estate contract actually constituted *two* distinct agreements: one for the immediate purchase of eighty acres of farm land, and one for the option to purchase an additional forty acres of farm land. They assert that the consideration stated in the contract, part of which was payable immediately and the remainder of which was payable in installments, supported *only* the agreement for immediate purchase, and hence that the option agreement was not supported by any consideration. Among other things, they argue that because the option agreement was not supported by any consideration, the district court erred in ordering that Evelyn was entitled to specific performance thereof. *See, e.g., Federal Land Bank v. Woods*, 480 N.W.2d 61, 66 (Iowa 1992) (detailing defense of lack of consideration). We disagree.

 The question of whether a given contract is to be considered as a single agreement or several, separable agreements is largely one of the parties' intent, which is to be determined from the language the parties have used and the subject matter of the contract. *Pacific Timber Co. v. Iowa Windmill & Pump Co.*, 135 Iowa 308, 310, 112 N.W. 771 (1907). As a general rule, however, a contract constitutes a single agreement when, by its terms, nature, and purpose, it contemplates that each and all of its parts and the consideration stated shall be common each to the other and interdependent. *Id.* at 310, 112 N.W. at 771; 17A Am.Jur.2d *Contracts* § 390, at 416 (1991). More specifically, if the consideration stated in a contract is single or entire, the contract likewise is single or entire, despite the fact that it may consist of several distinct and independent items. *Peek v. New York Life Ins. Co.*, 206 Iowa 1237, 1241, 219 N.W. 487, 488 (1928); *Pacific Timber*, 135 Iowa at 311–12, 112 N.W. at 772; 17A Am.Jur.2d *Contracts* § 418, at 443–44 (1991). Thus, one consideration stated in a contract may support any number of promises. *Lange v.*

---

1. Janelle Claussen, a minor daughter of Evelyn Claussen, has joined in the brief of the executors on this appeal. *See* Iowa R.App.P. 14(j).

*Nissen,* 208 Iowa 211, 214, 225 N.W. 266, 268 (1929).

■ Our review of the May 1975 real estate contract leads us to conclude that it was intended to be a single, non-severable agreement. The several distinct items recited therein, including the purchase agreement and the option agreement, were interdependent and supported by a common consideration. We discern no language in the contract indicating that it was intended to constitute anything other than a single agreement supported by a single consideration.

We therefore conclude that the option clause contained in the May 1975 real estate contract was supported by consideration. Accordingly, we affirm the district court ruling as to this assignment of error.

III. *Proper exercise of the option.* On this appeal, the executors contend that Evelyn did not properly exercise the option and that, as a result, she is not entitled to specific performance thereof. They argue that the language of the option required Evelyn to pay to them the sum of five thousand dollars before she would be deemed to have accepted the option. They therefore assert that it was insufficient for Evelyn to merely mail to them a notice of her election to exercise the option. Alternatively, the executors argue that Evelyn's notice of her election to exercise the option should have been mailed to all potential beneficiaries under Leona's will, rather than to the executors and their attorneys only.

■ A. The May 1975 real estate contract granted Delmar and Evelyn the option to purchase the additional forty acres "for the sum of Eight Hundred ($800.00) Dollars per acre, payable Five Thousand ($5,000.00) at time of closing . . . ." The executors imply that this phrase of the option clause required Evelyn to pay to them five thousand dollars in order to exercise her option. However, this phrase specifically recites that the five thousand dollars is payable "at time of closing;" it does not in any way require that payment of five thousand dollars is a condition to proper exercise of the option. Furthermore, there is no indication anywhere in the option clause or anywhere else in the real estate contract that Evelyn was to pay five thousand dollars in order to exercise the option, nor does the contract prescribe any particular manner in which Evelyn was to exercise the option.

■ Nevertheless, we note that the burden is upon one claiming the exercise of an option to show positively that she has exercised it if she is to sustain her contention that she is entitled to specific performance. *Figge,* 174 N.W.2d at 434. The only rule regarding the manner of exercise of an option is to discover from the language of the instrument the intent of the parties with reference thereto. *Steele v. Northup,* 259 Iowa 443, 449, 143 N.W.2d 302, 305 (1966). Where an option contract does not provide for any particular mode of exercise, no particular form of notice of exercise is required, and anything amounting to an unqualified manifestation of the optionee's determination to accept is sufficient. *Figge,* 174 N.W.2d at 435; *Steele,* 259 Iowa at 450, 143 N.W.2d at 306; *Breen v. Mayne,* 141 Iowa 399, 403–04, 118 N.W. 441, 443 (1909); 77 Am.Jur.2d *Vendor and Purchaser* §§ 40, 44, at 220–21, 226–28 (1975); 91 C.J.S. *Vendor and Purchaser* §§ 10–11, at 853, 857–58, 861–62 (1955).

■ Based upon our review of the record, we conclude that Evelyn has carried her burden of showing that she properly exercised the option. As outlined above, she provided to the executors and their attorney an unequivocal notice of election to exercise the option on February 19, 1990. This was well before six months after Leona's death, the time at which the option would no longer have been valid.[2] The

2. The executors also argue that Evelyn's rights under the option clause terminated upon Leona's death. This argument ignores the plain language of the May 1975 real estate contract specifically providing (1) that, if not exercised during the lifetime of the seller, the option would continue for six months after the death of the survivor of the seller, and (2) that the contract was to be binding "upon the heirs, personal representatives, successors and assigns

executors concede that they received the notice. Because the May 1975 real estate contract did not provide any specific method by which the option was to be exercised, we conclude that Evelyn's decision to mail to the executors and their attorneys notice of her election to exercise served as an unqualified manifestation of intent to accept the option.

■ B. The executors alternatively argue that Evelyn's notice of her election to exercise the option should have been mailed or given to all potential beneficiaries under Leona's will rather than to the executors and their attorney only. However, Iowa Code sections 633.96 and 633.97 provide that when an estate is under an obligation to convey property, it is the fiduciary who is or can be required to execute the conveyance. Because appellants Verna Feldpausch and Gladys Helkenn, the executors of Leona's estate, were the fiduciaries who could be required to execute conveyances of estate property, it was proper for Evelyn to give notice of her election to exercise the option to them and their attorney. Furthermore, we know of no rule or statute requiring Evelyn to give notice to persons other than those authorized to convey estate property.

C. Based upon the foregoing, we conclude that Evelyn properly and timely exercised the option contained in the May 1975 real estate contract. Accordingly, we affirm the ruling of the district court as to this assignment of error.

IV. *Restraint on alienation.* The executors argue that the option clause constitutes an unreasonable restraint on alienation of property. We disagree.

■ As an initial matter, we note that option agreements are properly characterized as mere executory interests in property. *See generally* Restatement of Property § 393 comment *a,* at 2316 (1944); 61 Am.Jur.2d *Perpetuities and Restraints on Alienation* § 61, at 70 (1981). Thus, such agreements are customarily evaluated for compliance with the rule against perpetui-

ties rather than with the rule against unreasonable restraints on alienation. *Cf. Trecker v. Langel,* 298 N.W.2d 289 (Iowa 1980) (evaluating preemptive right for compliance with rule against restraints on alienation). *See generally* Restatement of Property § 393, at 2315 (1944); Annotation, 66 A.L.R.3d 1294, 1299 (1975); 61 Am. Jur.2d *Perpetuities and Restraints on Alienation* § 120, at 128 (1981); 91 C.J.S. *Vendor and Purchaser* § 6, at 846 (1955).

■ The rule against perpetuities provides that a "nonvested interest in property is not valid unless it must vest, if at all, within twenty-one years after one or more lives in being at the creation of the interest and any relevant period of gestation." *See* Iowa Code § 558.68(1). The option language contained in the May 1975 real estate contract provided that it could be exercised no later than six months after the death of the surviving seller joint tenant, and in any event, no later than March 1, 1991. According to this plain language, Evelyn's nonvested interest in the option farm land necessarily would have vested within six months of a life then in being, and in any event, no later than sixteen years after the signing of the real estate contract. These time limitations upon exercise of the option are well within the parameters of the rule against perpetuities.

Accordingly, we affirm the district court's finding that the executors' argument is without merit.

■ V. *Admission of exhibit.* At trial, the executors sought to admit into evidence an amortization schedule concerning the eighty-acre tract. Evelyn objected to admission of the schedule, arguing that it was inadmissible hearsay. Although the district court reserved ruling on the issue, the executors concede that it did not specifically rule thereon in its final decision. They nevertheless argue, on the present appeal, that the district court should have admitted the document. However, because the executors never filed a motion under Iowa Rule of Civil Procedure 179(b) asking

of the respective parties." *See Petersen v. Olson,* 253 Iowa 469, 485, 112 N.W.2d 874, 883 (1962)

(an option does not lapse by death of the optionor).

the court to rule on the objection, the executors have waived this issue on appeal. *Estate of Grossman v. McCreary*, 373 N.W.2d 113, 114 (Iowa 1985).

VI. *Disposition.* In sum, we conclude that the district court did not err in ruling that the option clause contained in the May 1975 real estate contract was supported by consideration. We also conclude that Evelyn properly exercised the option by delivering to the executors and their attorney a notice of her intent to exercise. Finally, we conclude that the option clause does not violate the rule against perpetuities. We therefore hold that there is nothing precluding Evelyn's right to specific performance of the option.

We have considered the executors' other contentions and find them without merit or unnecessary to discuss. Accordingly, we affirm the ruling of the district court ordering specific performance of the option contract.

AFFIRMED.