ESTATE OF Joseph GROSSMAN, Bankers Trust Co., Executor, Appellee,

v.

Connie McCREARY d/b/a Water Bed and Swimming Pool Inc., Corp., Appellant,

WATERBEDS & POOLS UNLIMITED CORP., and Raymond L. Carnes, Appellants,

v.

ESTATE OF Joseph GROSSMAN and Bankers Trust Co., Executor, Appellees.

No. 84–879.

Supreme Court of Iowa.

Aug. 21, 1985.

William H. Michelson, Des Moines, for appellants.

Richard K. Updegraff and Jill Thompson Hansen of Brown, Winick, Graves, Donnelly & Baskerville, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and WOLLE, JJ.

HARRIS, Justice.

We affirm a trial court decision in this dispute over a landlord's lien. *See* Iowa Code chapter 579 (1985). The action arose by virtue of an attachment proceeding to collect rent secured by the lien. Goods on the leased property were the subject of the attachment. A corporation intervened, claiming that it, rather than the original tenant, was the proper lessee. Another intervenor also alleged it was the owner of the attached property and both intervenors sought substantial actual and punitive damages for lost and damaged inventory. The trial court awarded the plaintiff (corporate executor for the estate of a deceased landowner) a judgment against Connie McCreary (the original tenant) for unpaid

rent and rejected the claims in both petitions of intervention.

I. Surprisingly, the appellants list no less than fourteen assignments of error for our review. This would be many more unrelated reversible errors than would be likely in the simple trial of a routine suit to collect rent. We must pass most of them because, for the most part, error was not preserved on the myriad of questions now urged. Most of the fourteen questions posed by the assignments were either overlooked or ignored in the trial court's decision. The appellants' brief concedes this by stating in its conclusion: "The trial court, presented with all the same issues as briefed here, skipped most of them completely." [1]

Notwithstanding this alleged wholesale "skipping," appellants made no motion to enlarge under Iowa rule of civil procedure 179(b). Such a motion is a condition precedent for preserving the "skipped" issues for appellate review. *State Farm Mutual Auto Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206 (Iowa 1984) ("It is well settled that a rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication. [Authorities.]") Similar cases so holding are legion.

On oral submission appellants seek to avoid this familiar rule by arguing the trial court did in fact pass on the various questions in order to reach its conclusion. Our reading of the decision, however, convinces us that the questions were asked but not answered and that a rule 179(b) motion on them was required for preservation.

 Appellants also seek to escape the rule 179(b) requirement by citing language from our opinion in *Iowa Department of Transportation v. Nebraska-Iowa Supply Co.*, 272 N.W.2d 6, 15–16 (Iowa 1978) ("counsel should have submitted proposed findings or conclusions in accord with said position, or sought an amendment and en-

largement of the court's findings and conclusions under rule 179(b)....") This language is not authority for the proposition that proposed findings submitted to the court will obviate the post trial requirement to file a rule 179(b) motion in order to preserve error. If there was any such intimation in the language just quoted, it is overruled.

It should not be necessary for us to again justify the rule 179(b) requirement. We continue to believe our interpretation of the rule is decidedly in the best interests of the public, and especially the litigants. An overlooked issue, called to the trial court's attention, might be resolved so as to avoid an appeal. If not, a ruling on it might avert a second trial and possible appeal.

Most of appellants' issues were not preserved.

II. Other issues related to the appropriateness of the attachment. But by the time of trial the attachment was released by agreement and no longer enforced. Questions of its propriety had, for the most part, become moot. In any event we find nothing to suggest that the procedures employed to enforce the lien were not in conformance with statute.

The only remaining issues were whether defendant owed rent to the plaintiff and, if so, how much. The trial court properly found $1800 was owed to plaintiff (three months for the commercial property at $500 per month plus $300 for overdue storage rent). There was no error.

AFFIRMED.

---

1. Appellants attempted to withdraw this candid observation in their reply brief which of course was filed after the appellee's brief pointed out

the provisions of Iowa rule of civil procedure 179(b). We are not persuaded by the changed view.