BRAZELTON GROUP, L.C., Ramada Limited Motel, A & D Management Co., and S.S. Real Estate Investment, Inc., Appellants,

v.

**IOWA DEPARTMENT OF TRANSPORTATION,**
Appellee.

No. 99–0710.

Supreme Court of Iowa.

Jan. 18, 2001.

Louis R. Hockenberg and Jill Mataya Corry of Sullivan & Ward, P.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Noel C. Hindt, Assistant Attorney General, for appellee.

LARSON, Justice.

The owner of a motel near a primary highway attempted to retain an advertising sign it had placed on property within 660 feet of the highway. The Iowa Department of Transportation (DOT) ordered the sign removed. The district court affirmed on judicial review, and the owner appealed. We affirm.

## I. *Facts and Prior Proceedings.*

Brazelton Group, L.C., is the owner of a Ramada motel in Mt. Pleasant, Iowa. To advertise the motel, Brazelton erected a sign on an adjacent lot owned by S.S. Real Estate Investment, Inc. and occupied by a Sirloin Stockade Restaurant. Brazelton and S.S. Real Estate share some common shareholders and have cooperated in some of their business activities; however, they are separate legal entities. The motel, restaurant, and sign are all shown on the attached plat.

A written agreement between the owners of Ramada and the Sirloin Stockade provide for sharing conference areas, catering services, and parking facilities between the motel and the restaurant. The parties have also planned for a lounge to be located between them to serve both businesses. Brazelton has a permanent easement to place a sign at a described point on the Sirloin Stockade property (lot 6), shown as "proposed site" on the attached plat. The Ramada motel is on lots 12 and 13.

Prior to Brazelton's construction of the sign, the DOT advised it the proposed sign would not be permitted under applicable statutes and agency rules. Brazelton erected the sign anyway. On August 22, 1997, the DOT sent Brazelton a notice pursuant to Iowa Code section 306C.19 (1997) to remove the sign. Brazelton requested an administrative hearing to contest the DOT notice. An administrative law judge held a hearing and determined the sign could not remain. The agency and the district court affirmed that decision.

## II. *Disposition.*

On appeal from judicial review of agency action, review of the judgment is for correction of errors at law. *Gaffney v. Dep't of Employment Servs.*, 540 N.W.2d 430, 433 (Iowa 1995). A court is bound by the agency's findings of fact if they are supported by substantial evidence. Iowa Code § 17A.19(8)(f); *Terwilliger v. Snap–On Tools Corp.*, 529 N.W.2d 267, 271 (Iowa 1995). We accord only limited deference to the agency's interpretation of law, including statutory and agency rule interpretation. *Staceyville Cmty. Nursing Home v. Dep't of Inspections & Appeals,* 528 N.W.2d 557, 559 (Iowa 1995).

Iowa Code section 306C.11 prohibits placement of an advertising device "within any adjacent area or on the right-of-way of any primary highway" subject to certain exceptions. Iowa Code section 306.10(1) defines "adjacent area" as within 660 feet of the highway. The sign involved in this case is within the controlled zone.

One of the exceptions is contained in Iowa Code section 306C.11(2), which allows these signs on areas adjacent to a highway:

Advertising devices concerning activities conducted on the property on which they are located, [however,] the property upon which they are located [shall not] be construed to mean located upon any contiguous area having inconsistent use, size, shape, or ownership.

The DOT calls these signs "on-premise" signs and further expands on the concept

of on-premise signs in its administrative rules:

"On-premise sign" means an advertising device advertising ... activities being conducted upon[ ] the property where the sign is located. The criteria to be used to determine if an advertising device qualifies as on-premise signing include but are not limited to the following:

1. An on-premise sign must be located on the same property as the advertised activity.... A subdivided property is considered to be one property if all lots remain under common ownership and all lots share a common private access to public roads....

2. Contiguous lots or parcels of land combined for development purposes are considered to be one property for outdoor advertising purposes provided they are owned or leased by the same party or parties. However, land held by lease or temporary easement must be used for a purpose related to the advertised activity other than signing.

3. An on-premise sign shall not be located on a narrow strip of land that cannot reasonably be used for a purpose related to the advertised activity other than signing.

Iowa Admin.Code r. 761–117.1.

 The sign in this case fails the tests of these statutes and rules for several reasons. First, the Ramada sign is located on the Sirloin Stockade property, not the Ramada property, and the properties are not owned by the same party. They are separate legal entities with only a partial overlap of ownership by common shareholders. The fact these are separate entities is illustrated by one of Brazelton's own exhibits—an agreement between Brazelton Group, owner of the Ramada, and S.S. Real Estate Investment, Inc., owner of the Sirloin Stockade, under which the parties agreed to "work[ ] together to jointly develop their adjacent businesses through sharing parking facilities, and providing sign easements, shared conference facili-

ties, catering services, and joint access...." This agreement demonstrates these business owners treat each other at arms' length, as separate businesses, and not businesses under common ownership.

Also, the easement on which the sign is located, which is only large enough to accommodate the sign, is a "narrow strip of land that cannot reasonably be used for a purpose related to the advertised activity [the Ramada] other than signing" and is therefore not allowable under Iowa Administrative Code rule 761–117.1(3). Although Brazelton contests this finding, the agency determined this issue as one of fact, and substantial evidence supports that finding. Even if the respective properties were part of the same subdivision, they cannot be considered "one property" under Iowa Administrative Code rule 761–117.1(1) because they do not share a common access to a public street or highway.

The DOT's ruling denying permission to retain the sign is supported by the law and the record.

### III. *Constitutionality of Rule 761–117.1.*

 Iowa Administrative Code rule 761–117.1 has been quoted above. Brazelton challenges two of its provisions on vagueness grounds. One part of the rule provides that "[t]he criteria to be used to determine if an advertising device qualifies as an on-premise sign include *but are not limited to* the following...." (Emphasis added.) Brazelton also claims the phrase "[a]n on-premise sign shall not be located on a narrow strip of land that cannot reasonably be used for a purpose related to the advertised activity other than signing" is too vague to be constitutional.

This Court has summarized the standard for determining whether a statute or rule is unconstitutionally vague:

A civil statute is unconstitutionally vague under the due process clauses only when its language does not convey a sufficiently definite warning of pro-

scribed conduct as measured by common understanding or practice. Vagueness exists when persons must necessarily guess at the meaning of a statute and its applicability. A party attacking the constitutionality of the statute must overcome a presumption of constitutionality by negating every reasonable basis on which the statute can be sustained.

We have also recognized that in "regulating certain matters a degree of indefiniteness is necessary to avoid unduly restricting the applicability of the proscribing rule."

*Fisher v. Iowa Bd. of Optometry Exam'rs,* 510 N.W.2d 873, 876 (Iowa 1994) (quoting *Eaves v. Bd. of Med. Exam'rs,* 467 N.W.2d 234, 236 (Iowa 1991)).

As to Brazelton's first challenge, it is clear the DOT did not rely on any unexpressed criteria contained in the rule to disallow the sign. The sign was determined not to qualify as an on-premise sign for reasons specified in the rule: the sign is not on "the same property as the advertised activity" under rule 761–117.1(1), and even if the lots were contiguous, they were not "owned or leased by the same party or parties" under rule 761–117.1(2). As to the second vagueness challenge, it might successfully be argued that the phrase "narrow strip of land" is too indefinite if it stood alone, but it does not. It is refined by adding "that cannot reasonably be used for a purpose related to the advertised activity other than signing." Although the word "reasonably" allows some leeway in the rule, we do not believe it could be construed to require one to guess at its meaning. Here, the DOT found that Brazelton's small easement, located in a distant corner of an adjoining lot and only large enough to accommodate the sign, cannot reasonably be used for any "purpose related" to the Ramada motel except to provide a site for a sign. It therefore is not an on-premise sign under the rule. This finding is also supported by substantial evidence.

We find no basis on which to disturb the ruling of the DOT or the district court and therefore affirm.

**AFFIRMED.**

