IMMACULATE CONCEPTION CORP.
and Don Bosco High School,
Appellees,

v.

IOWA DEPARTMENT OF
TRANSPORTATION,
Appellant.

No. 01–1493.

Supreme Court of Iowa.

Jan. 23, 2003.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellant.

John W. Holmes of Holmes & Holmes, Waterloo, for appellees.

NEUMAN, Justice.

This appeal concerns Iowa Code section 306C.11 (1999), the statute that regulates outdoor advertising devices along Iowa's primary highways. The Iowa Department of Transportation (DOT) enforced the statute against Don Bosco High School, requiring it to remove thirty-seven "booster signs" visible to the traveled portion of highway 297. The district court reversed the agency's decision, finding that either an on-premise exception applied or the statute is unconstitutional. On the DOT's appeal of the ruling, the court of appeals affirmed without opinion. *See* Iowa R.App. P. 6.24.

We granted the DOT's petition for further review. For the reasons that follow, we vacate the court of appeals' decision, reverse the district court and remand for an order upholding the agency's order to remove the signs.

## I. Background.

The facts are undisputed. Don Bosco High School's baseball and softball diamonds are located within the city limits of Gilbertville, Iowa. Along the outfield fences of the ball diamonds, facing home plate, hang thirty-seven signs purchased by "boosters" whose local businesses support the high school's athletic activities. The plywood placards are four-by-eight feet in size. Each displays the name of the booster. Most contain additional information such as the booster's address, phone number, slogan (e.g., "No Job Too Small") or logo.

Because these booster signs are within 660 feet of adjoining state highway 297, and visible from the traveled portion of the roadway, the DOT believed they violated pertinent portions of Iowa Code section 306C.11. The statute prohibits advertising devices "erected or maintained within any adjacent area, or on the right-of-way of

any primary highway" except signs "concerning activities conducted on the property on which they are located." Iowa Code § 306C.11. By statute, "adjacent area" means "an area which is contiguous to and within six hundred sixty feet of the nearest edge of the right of way of any interstate, freeway primary, or primary highway." *Id.* § 306C.10(1). The term "[a]dvertising device" is broadly defined to include

> any outdoor sign, display, device, figure, painting, drawing, message, placard, poster, billboard, or any other device designed, intended, or used to advertise or give information in the nature of advertising, and having the capacity of being visible from the traveled portion of any interstate or primary highway.

*Id.* § 306C.10(2).

The DOT sent out removal notices. Contested administrative proceedings followed in which the high school challenged the DOT's claim that the signs were visible from the highway. The school also claimed that enforcement of the statute was an assault on constitutionally protected commercial speech, an issue the administrative law judge (ALJ) did not resolve but preserved for judicial review.

An administrator for the DOT's highway beautification program testified that he had personally observed the signs and that they were adjacent to highway 297 and visible to drivers along the roadway. In revealing testimony, one of the boosters not only admitted the signs could be read from the highway but, in the DOT's words, "also helped explain why state law prohibits them":

> Q. If you are driving out of town and you take your eyes off the road and look over at the left and you try to pick out a sign, just one sign all by itself and read just one sign, can you read it? A. Maybe.

Q. What's it depend on? A. The weather, for one thing.

Q. Assume it is clear weather. A. How fast you were going and if you want to have an accident or not by looking at the signs instead of at the road.

Based on this evidence, the ALJ affirmed the order for removal of the signs. Following an unsuccessful intra-agency appeal, the high school sought judicial review. The district court acknowledged that substantial evidence supported the agency's finding that the signs are visible from the road, in evident violation of section 306C.11. It went on, however, to hold that the signs fell within the "on-premise" exception to the statute. Alternatively the court found the statute was not only an unconstitutional regulation of speech but violated due process and amounted to a taking of property without just compensation. This appeal by the DOT followed.

## II. Scope of Review.

■ Our review is for the correction of errors at law. *Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 688 (Iowa 1994). To the extent the appeal concerns issues of constitutional magnitude, we review the record de novo. *Id.*

## III. Applicability of On–Premise Exception.

■ The district court evidently believed that the booster signs were not intended to advertise the boosters' businesses but to celebrate the "boosterism" occurring within the ballfields themselves. In the court's words, "this act of recognizing supporters and being recognized as a supporter of the athletic teams is an activity conducted on the property just as selling concessions, having a celebrity throw out the first pitch on opening day and the like." Following this reasoning, the court concluded the on-premise exception to sec-

**516**

tion 306C.11 applied. The DOT assails this conclusion on appeal. Bypassing its credible objection to the way the issue was preserved for review, we agree that the defense fails on its merits.

Under the on-premise exception, "[a]dvertising devices concerning activities conducted on the property on which they are located" are not prohibited. Iowa Code § 306C.11(2). To qualify for the exception, an on-premise sign "must be located on the same property as the advertised activity" and limited to "identifying the activities located on or products or services available on the property." Iowa Admin. Code r. 761–117.1 (1999). Thus, for example, the exception would permit a fast-food establishment like McDonald's to erect signage on its own property notwithstanding its proximity to the highway. *Cf. Brazelton Group v. Iowa Dep't of Transp.*, 623 N.W.2d 581, 583 (Iowa 2001) (under similar language in predecessor statute, court affirmed order preventing company from locating sign for Ramada motel on property owned by Sirloin Stockade restaurant).

Here, the district court attempted to shoehorn something into the exception that simply does not fit. The placards in question do not merely identify or celebrate boosters in the bleachers. They advertise goods and services available to the public well beyond the centerfield fence. If their sole purpose were to foster goodwill, there would be no need to include addresses and telephone numbers on the signs. Moreover, as the DOT rightly points out, the goodwill generated by the signs "is the very essence of advertising." Because the signs do not advertise products or services available on the property, they do not qualify for protection under the plain meaning of section 306C.11(2). The district court erred in so ruling.

## IV. Constitutionality of Iowa Code section 306C.11.

■ The district court ruled that if the booster signs do not fit the on-premise exception, then the statutory prohibition against their display deprives the high school of due process, takes its property without just compensation and violates its right to freedom of speech. On appeal, the DOT begins by noting that the high school limited its constitutional claims to alleged First Amendment breaches, that is, claims that the statute violates "protected commercial speech" and "liberty of speech." It asserts the other constitutional bases for the court's decision have not been preserved for our review. We agree. *See Garwick v. Iowa Dep't of Transp.*, 611 N.W.2d 286, 288 (Iowa 2000) (failure to raise constitutional issue before agency prevents preservation of claim for judicial review and on appeal).

■ Two free-speech claims are before us. First, the DOT challenges the district court's finding that the distinction drawn in section 306C.11 between on-premise and off-premise signs amounts to an unconstitutional content-based regulation of commercial speech. Second, the DOT contests the court's conclusion that section 306C.11, as applied to these signs, unconstitutionally restricts speech without advancing the state's interest in traffic safety or aesthetics.

■ Fundamental principles guide our resolution of these issues. Content-based speech regulations are forbidden by the Constitution. *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 804, 104 S.Ct. 2118, 2128, 80 L.Ed.2d 772, 786 (1984). But, as the DOT rightly argues, the district court has misinterpreted the meaning of "content-based" as applied to the facts of this case. Content-based statutes "favor some *viewpoints or ideas* at the expense of oth-

ers." *Id.* at 804, 104 S.Ct. at 2128, 80 L.Ed.2d at 786 (emphasis added). Section 306C.11 does not differentiate between types of advertising devices based on viewpoint. The statute regulates signage by location, a distinction having nothing to do with content. The United States Supreme Court has recognized this distinction, clearly holding that "offsite commercial billboards may be prohibited while onsite commercial billboards are permitted." *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 512, 101 S.Ct. 2882, 2895, 69 L.Ed.2d 800, 818 (1981). Other courts have routinely rejected the argument put forth by the high school here. *See, e.g., Messer v. City of Douglasville,* 975 F.2d 1505, 1509 (11th Cir.1992) (city ordinance prohibiting off-premise billboards is viewpoint neutral); *Nat'l Adver. Co. v. Chicago,* 788 F.Supp. 994, 997–98 (N.D.Ill.1991) (distinction between on-site and off-site advertising "not aimed toward the suppression of an idea or a viewpoint"). The district court erred when it interpreted section 306C.11 to the contrary.

■ As for the claim that section 306C.11 otherwise unconstitutionally restricts the high school's freedom of speech, we are guided by the four-part test articulated by the Supreme Court in *Metromedia:*

> (1) The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial governmental interest, (3) directly advances that interest, and (4) reaches no further than necessary to accomplish the given objective.

*Metromedia,* 453 U.S. at 507, 101 S.Ct. at 2892, 69 L.Ed.2d at 815.

■ We observe at the outset that the speech being regulated here is of a commercial nature and thus afforded lesser constitutional protection than other forms of expression. *See Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York,* 447 U.S. 557, 563, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341, 349 (1980). Because the booster signs neither advertise illegal activity nor are they misleading, however, the state's power to restrict them is circumscribed. *Id.* at 563–64, 100 S.Ct. at 2350, 65 L.Ed.2d at 349. Thus we move to the second part of the *Metromedia* test.

The DOT asserts that section 306C.11 advances the state's interests in traffic safety and aesthetics. The Supreme Court has held these are "substantial governmental goals." *Metromedia,* 453 U.S. at 507–08, 101 S.Ct. at 2892, 69 L.Ed.2d at 815; *accord Messer,* 975 F.2d at 1510–11. This court has long recognized our legislature's intent to echo Congress's national highway beautification and safety goals by regulating signage along Iowa's primary roadways. *Iowa Dep't of Transp. v. Nebraska–Iowa Supply Co.,* 272 N.W.2d 6, 13 (Iowa 1978), *overruled on other grounds by Estate of Grossman v. McCreary,* 373 N.W.2d 113, 114 (1985); *accord Meredith Outdoor Adver., Inc. v. Iowa Dep't of Transp.,* 648 N.W.2d 109, 115 (Iowa 2002). In short, there can be little doubt that section 306C.11 addresses a substantial governmental interest in protecting the traveling public while preserving the landscape adjoining Iowa's highways.

■ The high school nevertheless asserts that the record contains no evidence that section 306C.11 directly advances the goals it purports to address, thus failing the third prong of the *Metromedia* test. The fact is, the DOT does not need statistics or reports to enforce the plain mandate of the statute. It is the challenger who bears the burden of overcoming the presumptive constitutionality of a statute

by negating every reasonable basis on which the law might be upheld. *Brazelton*, 623 N.W.2d at 584. The high school has not met that burden here.

Finally, the Constitution requires that the challenged statute be no "more extensive than is necessary" to meet the state's articulated interests. *Central Hudson*, 447 U.S. at 566, 100 S.Ct. at 2351, 65 L.Ed.2d at 351. In that connection we note that section 306C.11 is less prohibitive than the ordinance at issue in *Metromedia*. There the Supreme Court upheld a statute prohibiting *all* outdoor off-premise advertising. *Metromedia*, 453 U.S. at 493–96, 101 S.Ct. at 2885–87, 69 L.Ed.2d at 805–08. Iowa Code section 306C.11 only prohibits advertising devices within 660 feet of the right-of-way. As the DOT suggested in its early correspondence with school officials over this controversy, they need only mount the signs so that they are not visible from the traveled portion of highway 297. And, of course, the statute does not affect the myriad other ways the school may lawfully recognize its boosters.

In summary, Iowa Code section 306C.11 draws a legitimate distinction between on-premise and off-premise signs and regulates the signage at issue here consistent with constitutional norms pertaining to commercial speech. The district court's contrary judgment must be reversed and the court of appeals decision affirming that ruling, vacated. We remand to the district court for entry of an order affirming the DOT's removal notice.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.**