# IN THE COURT OF APPEALS OF IOWA

No. 24-0904
Filed November 13, 2025

**TERRY LYNN LADAWN REYNOLDS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

An applicant appeals the denial of postconviction relief following two convictions for lascivious acts with a child.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**TABOR, Chief Judge.**

The State originally charged Terry Reynolds with two counts of sexual abuse for conduct against eleven- and thirteen-year-old sisters in 2020. After bargaining with the State, Reynolds entered *Alford* pleas[1] to two counts of lascivious acts with a child. A year later, Reynolds applied for postconviction relief (PCR), which the district court denied. Reynolds appeals that denial, advancing claims of ineffective assistance of counsel and actual innocence. Because Reynolds did not preserve error on his ineffective-assistance claims and did not meet the demanding standard to show he was actually innocent, we affirm the district court.

## I. Prior Proceedings

Reynolds signed a written guilty plea, admitting there was "strong evidence" that he was guilty of two counts of lascivious acts with a child, class "C" felonies, in violation of Iowa Code section 709.8(1)(a) (2020). The district court sentenced him to indeterminate ten-year terms to run consecutively. Beyond prison, he received a "special sentence" of lifetime supervision under Iowa Code section 903B.1. The court also advised him that his convictions qualified as "sexually predatory offenses" under Iowa Code section 901A.1. Reynolds did not challenge his convictions or sentence on direct appeal.

But in 2022, Reynolds—representing himself—applied for PCR, alleging three grounds for relief. First, he asserted his plea attorney failed to "properly represent" him or "investigate the case." Second, he claimed actual innocence.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("[A]n express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty.").

Third, he contested the consecutive nature of his sentencing. Reynolds also asked to proceed as a pro se litigant, which the court allowed.

In moving for summary judgment, Reynolds fleshed out his claim of ineffective assistance, alleging that "counsel provided no investigation or preparation for trial and forced [Reynolds] to take a plea agreement." And he also alleged that the State "had no evidence other than hearsay statements that were absurd to charge [him] of the underlying crimes in this case." The State also moved for summary dismissal. After a hearing in October 2022, the district court dismissed Reynolds's claims concerning the sufficiency of the State's proof and the consecutive sentences. The court also granted Reynolds's motion for counsel.

Represented by counsel, in March 2024, Reynolds appeared for a hearing on the merits of his ineffective assistance and actual innocence claims. He was the only live witness. The State presented a transcript of trial counsel's testimony from the summary-judgment hearing. After the hearing, both sides filed proposed findings of fact and conclusions of law. In its order, the district court rejected Reynolds's request for relief. On the ineffective-assistance claim, the court found no breach of duty or prejudice because counsel presented the State's offer to Reynolds and he decided to accept that proposed plea deal. The court did not address Reynolds's argument that counsel failed to investigate the case. As for his actual-innocence claim, the district court found that Reynolds presented no newly discovered evidence. And, regardless, there was not clear and convincing evidence in the record that no reasonable factfinder could convict Reynolds of the offenses.

Reynolds now challenges the denial of PCR.

## II. Analysis

That challenge is two-fold. First, Reynolds argues he received ineffective assistance of counsel because his trial attorney failed "to conduct any investigation" and failed to "adequately explain the special sentence." Reynolds insists these errors, individually and cumulatively, were prejudicial. Second, Reynolds contends the district court erred in rejecting his claim of actual innocence. We will address these claims in turn.[2]

### A. Ineffective Assistance of Counsel

Reynolds airs two grievances about counsel's performance. But as the State argues, he preserved neither claim for our review. True, Reynolds alleged that his trial counsel failed to investigate the case in his PCR application and in his motion for summary judgment. But the district court did not decide that ground or even reference that argument in its PCR ruling. If "a court fails to rule on a matter, a party must request a ruling" to preserve error. *State v. Krogmann*, 804 N.W.2d 518, 524 (Iowa 2011). Relying on *Lamasters v. State*, Reynolds argues the district court "necessarily ruled" on this issue in finding that the guilty plea was knowing and voluntary. 821 N.W.2d 856, 864 (Iowa 2012). We disagree. Unlike *Lamasters*, in this case the court failed to mention the disputed issue. Thus, error was not preserved.

Moving to the second grievance, Reynolds did not assert that his counsel was ineffective for failing to advise him of the consequences of the guilty plea until he submitted his proposed findings of fact and conclusions of law. At the summary

---

[2] We review both claims de novo. *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

judgment hearing, Reynolds asserted that he was "ambushed" by the plea deal and forced to accept it. He did not argue that counsel failed to explain the special sentence of lifetime supervision. At the PCR hearing on the merits, Reynolds did testify that when he signed the plea, trial counsel did not explain the special sentence. But that testimony was not connected to a legal argument until Reynolds's proposed findings of fact and legal conclusions. *See Est. of Grossman v. McCreary*, 373 N.W.2d 113, 114 (Iowa 1985) (proposed findings submitted to the court did not obviate the post-trial requirement to file a motion to reconsider, enlarge or amend to preserve error). Even if the testimony and proposed findings sufficiently raised the issue, the district court did not rule on that ground. *See Krogmann*, 804 N.W.2d at 524. We find Reynolds failed to preserve this issue for our review.

### B. Actual Innocence

Reynolds next argues that the district court erred in rejecting his actual-innocence claim. The State again contests error preservation, maintaining that Reynolds abandoned this argument in his proposed findings of fact and conclusions of law. In that filing by his PCR counsel, Reynolds proposed this legal conclusion:

> The Court finds that while the Applicant has provided evidence of his innocence in the form of his testimony and the affidavits of two witnesses, the evidence presented in the record is not of a clear and convincing nature as required to prevail on a claim of actual innocence. *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018).

Yet on appeal, Reynolds resurrects his claim of actual innocence. He contends that the proposed order—"functionally a closing argument"—does not bind him because the district court "considered the matter and issued a ruling on

the merits. We assume without deciding that Reynolds preserved error and proceed to the merits.

On the merits, Reynolds must show by clear and convincing evidence that, despite proof supporting his convictions, no reasonable fact finder could convict him considering all the evidence. *See Schmidt*, 909 N.W.2d at 797. Under this "demanding standard," Reynolds must show that he is "factually and actually innocent." *See Dewberry*, 941 N.W.2d at 5 (emphasis omitted).

In the PCR proceedings, Reynolds presented affidavits from his wife and his brother to support his claim that it was impossible for him to have sexually abused the victims, S.W. and M.W., at the time and place they alleged.[3] Minutes of testimony show S.W. and M.W. planned to testify that Reynolds sexually assaulted them "around the time of a barbecue at [Reynolds]'s house." S.W. detailed that Reynolds came into the bathroom, took her to the garage, and "was sticking his penis in her private part." M.W. planned to testify that Reynolds whispered things into her ear, followed her into a bedroom when she tried to get away, "put his private part in her private part," and "stopped when his wife started calling his name."

Reynolds contends that his own account, as well as the two affidavits, amount to clear and convincing evidence of his innocence. Key to his contention is that S.W. recalled the acts occurred in the garage during a family barbecue. But, according to Reynolds, the garage door was open and barbecue guests were just outside, so he could not have committed the crime without anyone seeing or

---

[3] S.W. and M.W. refer to Reynolds and his wife as their grandparents or godparents.

hearing. Also, his wife claims S.W. and M.W. had behavioral issues and that Reynolds was never alone with them during the barbeque.

In our de novo review, we find Reynolds fails to meet the "demanding" standard to prove actual innocence. *See Dewberry*, 941 N.W.2d at 5. He does not present clear and convincing evidence that no reasonable fact finder could convict him of lascivious acts. The affidavits from his wife and brother are conclusory and focus on the barbecue event. But, according to the minutes, M.W. and S.W. allege the acts occurred "around the time of a barbecue," not necessarily during the barbecue. Reynolds also disparages the girls' proposed testimony as "confusing" and uncorroborated. But inconsistencies in the testimony of children subjected to sexual conduct are common and would not "compel a jury to conclude that the victim is not credible or that there is insufficient evidence to support a guilty verdict." *State v. Donahue*, 957 N.W.2d 1, 11 (Iowa 2021). As Reynolds admitted in his *Alford* plea, a factfinder could have made an independent determination that there was "strong evidence of [his] actual guilt."

### III. Conclusion

Because Reynolds failed to preserve error on his ineffective-assistance-of-counsel claims and failed to prove actual innocence, we affirm the district court's denial of relief.

**AFFIRMED.**